PUGH, APPELLANT, *v.* PUGH, APPELLEE.

[Cite as Pugh *v.* Pugh (1984), 15 Ohio St. 3d 136.]

(No. 83-1861—Decided December 31, 1984.)

138

*Messrs. Tyack, Delligatti & Briscoe* and *Mr. G. Gary Tyack,* for appellant.

*Strip, Fargo, Schulman & Hoppers Co., L.P.A., Mr. Paul W. Leithart II* and *Mr. A. C. Strip,* for appellee.

PATTON J.

I

Appellant's propositions of law one and two are related and will be discussed together. In his first proposition, appellant contends that in a contempt proceeding, the appellee has the burden of proving by clear and convincing evidence that the appellant purposely failed to comply with the terms of the divorce decree. In his second proposition of law, appellant contends that in determining whether he purposely failed to comply with the divorce decree, his inability to comply with the decree is not an affirmative defense but an issue of evidence. These contentions are without merit.

Without addressing the merits of appellant's arguments, it must be noted that appellant's propositions were not assigned as error below or briefed by either party. Indeed, appellant's entire appeal rested on the argument that "[i]nability to pay is a defense which was asserted at the contempt proceeding." Accordingly, the propositions are not properly before this court for present consideration. See *Zakany* v. *Zakany* (1984), 9 Ohio St. 3d 192, 193, and *Republic Steel Corp.* v. *Bd. of Revision* (1963), 175 Ohio St. 179 [23 O.O.2d 462], syllabus.

If the propositions had been properly before this court, appellant's arguments would still be without merit.

R.C. 2705.02 provides in part:

"A person guilty of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer;"

The Ohio courts have distinguished the degree of proof necessary in civil as opposed to criminal contempt proceedings. In criminal contempt proceedings, the courts have held that the standard of proof is guilt beyond a reasonable doubt. *Brown* v. *Executive 200, Inc.* (1980), 64 Ohio St. 2d 250 [18 O.O.3d 446]. This court in *Brown* at 253-254 held:

"'* * * [C]ourts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of punishment. * * * [Citations omitted.] Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket * * * [citation omitted] since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence."

In Brown, this court looked at the nature of the various penalties imposed to determine if they were civil or criminal and stated at 253: "'* * * [a]ny civil penalties imposed will be valid since the trial judge stated that the appellees were guilty of contempt by clear and convincing evidence."

Appellant contends that the appellee has the burden of proving that he

*purposely* failed to comply with the terms of the decree. In *State, ex rel. Cook,* v. *Cook* (1902), 66 Ohio St. 566, this court held in paragraph one of the syllabus:

"In a proceeding in contempt against a party who has refused to comply with a money decree for alimony, it is not essential that the complaint allege that the party is able to pay the money. The decree imports a finding of the court that he is able to pay, *and the burden is on him, by allegation and proof, to establish his inability."* (Emphasis added.)

The *Cook* decision was cited with approval in *Bly* v. *Smith* (1916), 94 Ohio St. 110, where this court at 114 stated:

"Now, upon the contempt hearing before the court of common pleas, that burden of showing his inability [to pay] was upon the * * * [contemnor] * * *."

In addition, proof of purposeful, willing or intentional violation of a court order is *not* a prerequisite to a finding of contempt. One of the most recent cases to examine the issue is *Pedone* v. *Pedone* (1983), 11 Ohio App. 3d 164. In that case, the court at 165 stated: "[w]e disagree with appellant's assertion that intent is a necessary element of civil contempt. * * * It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result." The *Pedone* court cited with approval *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55 [56 O.O.2d 31]; and *McComb* v. *Jacksonville Paper Co.* (1949), 336 U.S. 187.

In *Tomaszczyk,* this court at paragraphs two and three of the syllabus held:

"2. The purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice.

"3. The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with the lawful orders of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt."

The *Tomaszczyk* court cited *McComb,* wherein the United States Supreme Court at 191 stated:

"The absence of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. * * * [Citations omitted.] * * * *The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents.* It laid on them a duty to obey specified provisions of the statute. An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions." (Emphasis added.)

If the propositions had been properly before this court, appellant

argues that purpose is an element to be proved in a contempt proceeding *and* that the burden of proving "purpose" is on the moving party. Appellant derives his "purpose" argument from R.C. 2901.21, which deals with requirements for criminal liability. As stated earlier, in an action for criminal contempt, there is a different standard of proof required and a different purpose for punishment. Furthermore, the United States Supreme Court has held that the state of mind of the contemnor is irrelevant. *McComb, supra.*

Accordingly, appellant's first and second propositions of law are without merit.

## II

In his third proposition of law, appellant contends that App. R. 7 supersedes R.C. 2705.09. Consequently, either an appeal from a finding of contempt does not require posting a secured bond as a condition precedent, or if a bond is required, then the trial court should set the bond and absent an abuse of discretion, it should not be overturned by the appellate court. These contentions are without merit.

In the case *sub judice,* appellant contends that the appellate court cannot be brought into the proceeding until after the trial court has made a determination as to the filing of the bond. The record before us indicates that, procedurally, this is exactly what has occurred.

App. R. 7 provides in part:

"(A)   Application for a stay of the judgment or order of a trial court pending appeal, or for the determination of the amount of and the approval of a supersedeas bond, must *ordinarily* be made in the first instance in the trial court. * * *

"(B)   *Relief available in the court of appeals under this rule may be conditioned upon the filing of a bond or other appropriate security in the trial court.* If security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits himself to the jurisdiction of the trial court and irrevocably appoints the clerk of the trial court as his agent upon whom any process affecting his liability on the bond or undertaking may be served. * * *" (Emphasis added.)

On June 24, 1983, appellant filed, and the trial court granted, a motion for stay and suspension of execution pending appeal. At this point, the trial court dispensed with a bond in the matter.

R.C. 2705.09 provides:

"The judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal. *Appeal proceedings shall not suspend execution of the order or judgment until the person in contempt files a bond in the court rendering the judgment, or in the court or before the officer making the order, payable to the state, with sureties to the acceptance of the clerk of that court, in an amount fixed by the reviewing court,* or a judge thereof, conditioned that if judgment is rendered against such person he will abide by and perform the order or judgment." (Emphasis added.)

Therefore, in cases of contempt, to suspend execution of the order or judgment in an appeal proceeding, the appellant must file a bond in an amount fixed by the appellate court, in the trial court that rendered judgment.

Pursuant to App. R. 7(A), the application for a stay of execution must *ordinarily* be made at the trial court level. However, contempt proceedings are special in nature and should be considered extraordinary. Therefore, due to the unique nature of a contempt action, the appellant must adhere to the requirements of R.C. 2705.09. It should be noted that the language found in R.C. 2705.09 is contained in App. R. 7(B). Furthermore, App. R. 7 provides for the appellate court to condition relief upon the filing of a bond in the trial court.

In addition, appellant alludes to an argument that bond requirements create an imprisonment for debt and raises a due process issue. Section 15, Article I of the Ohio Constitution. In *Holloway v. Holloway* (1935), 130 Ohio St. 214 [4 O.O. 156], this court at 217 stated:

"A distinction may be drawn between ordinary judgments and an order for the payment of alimony. 'An ordinary judgment at law does not order the defendant to pay anything. It simply adjudicates the amount owing from defendant to plaintiff and remits the plaintiff to his ordinary remedies by execution or otherwise to enforce payment. On the other hand, an order to pay alimony *pendente lite,* though partaking also, of the nature of a judgment * * *, goes further, and is a direct command of the court to the defendant to pay the sums therein mentioned. This command it has been the practice of courts from time immemorial to enforce by proceedings for contempt; * * *' [citations omitted]."

In *Harris v. Harris* (1979), 58 Ohio St. 2d 303 [12 O.O.3d 291], this court held that punishment for violation of divorce decree provisions does not impinge upon the constitutional prohibition against imprisonment for debts. This court at 311 stated:

"The public has a strong interest in ensuring that the termination of the marital relationship results in an equitable settlement between the parties. That intended result is the very purpose of requiring court approval of a separation agreement before a decree of divorce or dissolution is rendered. For purposes of enforcement, both the alimony and property settlement provisions of the decree are orders of the court, and represent more than a debt of one spouse to the other.

"Therefore we hold that for purposes of enforcing a decree entered in a domestic relations proceeding, provisions relating to the division of property as contained within a separation agreement *do not constitute a 'debt' within the meaning of that term as used in constitutional inhibition against imprisonment for debt."* (Emphasis added.)

In the case *sub judice,* appellant was ordered to serve two consecutive ten-day jail terms for violating two different terms of the separation agreement. However, both violations were brought out in one action for contempt. R.C. 2705.05 states:

"Upon the day fixed for the trial in a contempt proceeding the court shall investigate the charge, and hear any answer or testimony which the accused makes or offers.

"The court shall then determine whether the accused is guilty of the contempt charge. If it is found that he is guilty, he may be fined not more than five hundred dollars or imprisoned not more than ten days, or both."

Therefore, appellant may only be imprisoned for a maximum of ten days if he is found guilty of contempt. He cannot be imprisoned for each violation which composes the contempt charge. However, this ruling does not limit the number of contempt actions which may be brought. If appellant refuses to obey the orders of the court after serving his sentence, additional contempt proceedings can be initiated which list the appellant's violations.

Accordingly, appellant's third proposition of law is without merit.

The judgment of the court of appeals is modified with respect to appellant's jail sentence and affirmed in all other respects.

*Judgment affirmed*
*as modified.*

CELEBREZZE, C.J., FORD, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

PATTON, J., of the Eighth Appellate District, sitting for SWEENEY, J.