OPINION
Plaintiff-appellant, Julie Underwood, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, finding defendant-appellee, Brian O'Hara, not in contempt of the parties' agreed entry of shared parenting. We affirm the judgment of the trial court.
The parties were married in Indiana in 1980, and divorced in North Dakota in 1985. One child was born issue of their marriage. After the parties divorced, appellant moved to Butler County, Ohio, while appellee moved to Hamilton County, Indiana. In 1996, the parties filed an agreed entry of shared parenting in Butler County, Ohio, which provided that appellee would have custody of the parties' child for the entire month of July each year. In June 1998, appellant moved to Virginia with the child, over appellee's objection.
Appellee exercised his parenting time with the child in July 1998 pursuant to the shared parenting plan. During this time, appellee filed an emergency custody petition in Hamilton County, Indiana. A hearing was held on the petition, and in an entry dated August 14, 1998, the Hamilton County, Indiana court ordered appellee to return the child to appellant on August 17, 1998. Appellant traveled to Indiana for the hearing and ultimately retrieved the child on August 17, 1998. Under the terms of the parties' shared parenting plan, appellee's visitation was to end on July 31, 1998.
Appellant filed a contempt motion in the Butler County court on August 10, 1998, alleging that appellee had failed to timely return the child in violation of the parties' shared parenting plan. A hearing on the contempt motion was held before a magistrate. By entry filed November 10, 1998, the magistrate found that, although the parties' testimony was conflicting, the visitation agreement contained in the shared parenting plan had been modified by the agreement of the parties. Accordingly, the magistrate found no basis upon which to find appellee in contempt.
Appellant filed objections to the magistrate's decision. The trial court overruled the objections and adopted the decision of the magistrate.
Appellant timely appealed from this decision, raising a single assignment of error:
 THE TRIAL COURT ERRED TO PREJUDICE [SIC] OF DEFENDANT/APPELLEE [SIC] WHEN IT OVERRULED PLAINTIFF'S OBJECTION TO MAGISTRATE'S DECISION.
Appellant contends that the trial court erred in failing to find appellee in contempt.
Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982),7 Ohio App.3d 294. Contempt may be classified as either civil or criminal. Civil contempt is a remedial measure, used to coerce compliance with a court order for the benefit of the complainant.Pugh v. Pugh (1984), 15 Ohio St.3d 136. Contempt proceedings in domestic cases are ordinarily civil in nature as they are designed to coerce or encourage future compliance with the court's orders. Id.; R.C. 2705.02(A).
The degree of proof in a civil contempt action is one of clear and convincing evidence. Brown v. Executive 200, Inc.
(1980), 64 Ohio St.2d 250. An appellate court will not reverse a trial court's finding on contempt absent an abuse of discretion.State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10. More than a mistake of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Both parties testified at the contempt hearing, presenting conflicting testimony about the events which transpired between June 30, 1998 and August 10, 1998. However, upon review of the record, it is clear that appellant agreed that the child could remain with appellee for at least several days into August. It is also undisputed that appellee filed an emergency motion for custody on July 29, 1998 in Hamilton County, Indiana. As a result of that petition, appellee was ordered to return the child to appellant's custody on August 17, 1998, which he did.
Ohio courts have repeatedly warned that parties are not free to defy standing visitation orders of a court. See Slone v. Slone
(Sept. 15, 1999), Pike App. No. 98CA616, unreported;Holm v. Smilowitz (1992), 83 Ohio App.3d 757; Inre Skinner (Mar. 23, 1994), Adams App. No. 93CA547, unreported; Shafer v. Shafer (Dec. 1, 1993), Washington App. No. 93CA16, unreported. A trial court is "in the best position to determine whether a parent's conduct was indeed contemptuous of [its] orders." Slone, 1999 WL 73812, at *1. Upon review of the record in this matter, including the parties' conflicting testimony about the sequence of events, we find no abuse of discretion in the trial court's decision. The assignment of error is overruled.
Judgment is affirmed.
POWELL, P.J., and VALEN, J., concur.