This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Richard Schrader, Jr. has appealed the judgment of the Court of Common Pleas of Medina County, Domestic Relations Division, denying his request to dismiss or vacate the April 25, 2000 garnishment order. This Court reverses.
 I.
The marriage of Mary Joan and Richard Schrader was dissolved by the Medina County Domestic Relations Court on December 31, 1996. Upon dividing the marital property, the court ordered Richard to pay Mary Joan a sum of money in order to equalize the division:
 In order to achieve equity in the division of marital property, Richard has an obligation to Mary Joan of $80,722.50.
 The marital residence at 7121 Neff Road, Valley City OH shall be sold and the proceeds divided equally. Then Richard shall pay to Mary Joan's [sic] $79,774.85, a net of the $80,722.50, less Mary Joan's obligation for household expenses of $880.82 * * * and the child support arrearage of 466.83[.]
 Therefore, pursuant to the divorce decree, sometime after the sale of the home Richard was obligated to pay Mary Joan one half of the proceeds from the sale of the marital residence plus $79,774.85.
Subsequent to their divorce, the parties' former marital residence became the subject of a foreclosure action filed in the General Division of the Medina County Court of Common Pleas. Each party filed cross-claims against each other. On April 13, 1998, an order of foreclosure was issued. The sale netted the sum of $43,072.96, which was placed in escrow pending determination of the parties' cross-claims.
On April 11, 2000, the General Division of the Medina County Common Pleas Court issued a journal entry in the foreclosure action which declined to approve a dismissal entry that had been prepared by Mary Joan's counsel. The trial court suggested that the parties draw up a stipulated dismissal entry that would dismiss both parties' pending claims, bar each party from asserting any claim related to the former residence in any division of the Medina County Common Pleas Court, and divide the foreclosure sale proceeds evenly.
On April 25, 2000, Mary Joan filed a request for garnishment in the Medina County Domestic Relations Court, to garnish Richard's half of the net proceeds of the foreclosure case to be applied against the amount owed Mary Joan pursuant to the December 31, 1996 divorce decree. The Domestic Relations Court approved and journalized the garnishment order at 4:11 p.m. on April 25, 2000. Prior to this, however, the parties had prepared and submitted a dismissal entry for the foreclosure case in the Medina County Common Pleas Court's General Division. Mary Joan concedes that such entry was signed by the court on April 25, 2000, but that the entry was not journalized until the morning of April 26, 2000.
Richard filed a motion to dismiss and to dissolve the garnishment order on the basis that the trial court lacked subject-matter jurisdiction. Finding that it had jurisdiction to enforce the December 31, 1996 divorce decree, and that the divorce decree constitutes a "judgment" under R.C. Chapter 2716, the trial court denied the motion.
Richard has timely appealed, and has asserted one assignment of error.
 II. ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO DISMISS AND TO DISSOLVE THE APRIL 25, 2000 GARNISHMENT ORDER SINCE IT HAD NO SUBJECT MATTER JURISDICTION TO ISSUE SUCH ORDER.
In his sole assignment of error, Richard contends that the trial court erred in denying his motion to dismiss and dissolve the April 25, 2000 garnishment order. This Court agrees.
Richard raises four issues in support of his contention that the trial court was without authority to enter the April 25, 2000 garnishment order. This Court addresses only one of those arguments, however, as it is dispositive of the appeal.
Richard contends that the trial court erred in finding that the parties' December 16, 1996 divorce decree was a "judgment" upon which a R.C. Chapter 2716 garnishment could issue. This Court agrees.
R.C. 2716.01(B) provides that:
 A person who obtains a judgment against another person may garnish the property, other than personal earning, of the person against whom judgment was obtained, if the property is in the possession of a person other than the person against whom judgment was obtained, only through a proceeding in garnishment and only in accordance with this chapter.
R.C. Chapter 2716 does not provide a definition of "judgment." However, R.C. 2716(C)(3) defines a "judgment creditor" as "a person who has obtained a judgment in a civil action against another person."
The lower court looked at the language "a judgment in a civil action," under R.C. 2716(C)(3), and applied that language to the definition of "judgment" under Civ.R. 54(A). "Judgment" therein means "any order from which an appeal lies as provided in section 2505.02 of the Revised Code." Civ.R. 54(A).
The December 31, 1996 decree did set forth various rights and obligations of the parties, including Richard's obligation to pay Mary Joan $79,774.85 plus one-half of the proceeds of the sale of the marital residence. And, the decree does constitute a judgment for purposes of Civ.R. 54(A). In fact, this Court determined such by reviewing and affirming the trial court's order on direct appeal. See Schrader v.Schrader (Jan. 21, 1998), Medina App. No. 2664-M, unreported, appeal not allowed (1998), 81 Ohio St.3d 1527. Further, failure to comply with the court's orders contained within the December 31, 1996 decree is punishable by civil contempt sanctions. See Pugh v. Pugh (1984)15 Ohio St.3d 136. However, the orders within the December 31, 1996 divorce decree do not constitute a "judgment" for purposes of R.C. Chapter 2716.
A civil judgment upon which a R.C. Chapter 2716 garnishment can lie must set forth the party who owes the debt, the party to whom the debt is owed, and the exact amount owed. Although the divorce decree in this case constitutes a judgment pursuant to Civ.R. 54(A), this judgment merely sets forth Richard's obligations with respect to the divorce, it is not a judgment against him for a sum certain. Accordingly, the proper procedure was for Mary Joan to have had the obligation reduced to judgment for purposes of collection.
Because the trial court's April 25, 2000 order was not based on a proper "judgment," the lower court erred in denying Richard's motion to dismiss and dissolve.
The sole assignment of error is sustained.
 III.
The judgment of the court of common pleas is reversed and remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
DONNA J. CARR, BAIRD, P.J., WHITMORE, J. CONCUR.