OPINION
{¶ 1} Defendant-appellant, David S. Dressler, separately appeals from two judgments rendered by the Warren County Court of Common Pleas, Domestic Relations Division. In Case No. CA2002-08-085, David appeals the trial court's decision finding him in contempt for failure to pay child support and child support arrearages. In Case No. CA2002-11-128, David appeals the trial court's decision adopting a magistrate's decision after finding that David had failed to file any objections. For purposes of review and in the interest of judicial economy, we have sua sponte consolidated these two appeals. See App.R. 3(B).
 {¶ 2} The parties' marriage was dissolved in 1995. Pursuant to a shared parenting plan, custody of the parties' two children was granted to David with visitation rights to plaintiff-appellee, Laura J. Dressler. Laura was not ordered to pay child support but was ordered to maintain medical insurance coverage for the children. David was ordered to pay 50 percent of any non-covered medical, dental, or optical expenses.
 {¶ 3} In February 2002, a magistrate found David in contempt for failing to pay medical bills. The magistrate also modified the parties' shared parenting plan by granting custody of the children to Laura with visitation rights to David, and by ordering David to pay child support as follows: $404.54 a month from August 1 to November 30, 2001, and $540.09 a month from December 1, 2001 on. Noting that David had been paying Laura $300 a month while the matter was pending, the magistrate ordered the Warren County Child Support Enforcement Agency ("CSEA") to credit David's account with $1,800 for the monthly $300 payments made by David between August, 1, 2001 and January 31, 2002. David was ordered to pay any child support arrearages at the rate of $108 a month.
 {¶ 4} David was ordered to pay child support and child support arrearages through the CSEA or the Ohio Child Support Payment Central. Notifications attached to the magistrate's decision clearly stated in relevant part that:
 {¶ 5} "It is ordered that obligor is hereby restrained from making any payments directly to obligee. All current support payments and arrearage payments must be made through the Warren County [CSEA] or the Ohio Child Support Payment Central. Any payments not made in this manner shall be deemed a gift.
 {¶ 6} "* * *
 {¶ 7} "It is ordered that support payments shall be forwarded to the Ohio Child Support Payment Central, P.O. Box 182372, Columbus, Ohio 43218. Until such time as the Notice to Income Provider to Withhold Income/Assets becomes effective, the obligor shall be responsible to make the appropriate payments directly to the Ohio Child Support Payment Central by certified check, cashier's check, or money order only. Cash payments may be made to the Warren County [CSEA], 500 Justice Drive, Lebanon, Ohio 45036."
 {¶ 8} In May 2002, Laura filed a motion for contempt against David for failure to pay child support and child support arrearages. At a hearing on the motion in June 2002, David stated that he was self-employed and that he did not have a bank account. David testified that he had paid Laura $300 in child support in January, February, and March 2002, but that he had not paid any child support or child support arrearages since March 2002. David testified that since the CSEA or the state of Ohio had never issued any paperwork regarding child support or child support arrearages, he did not know whom to pay. David testified that it was not his responsibility "to come here and make those arrangements." Rather, it was the responsibility of the CSEA to enforce payment.
 {¶ 9} On July 2, 2002, the magistrate found David in contempt for failure to pay child support and child support arrearages. Revised notifications attached to the magistrate's decision had identical provisions to the provisions quoted earlier. The CSEA was ordered to credit David's account with $600 for the monthly payments made to Laura in February and March 2002. David was given the opportunity to purge himself of contempt. David filed objections to the magistrate's decision. On August 26, 2002, following a hearing during which David was admonished several times not to object to the trial judge's rulings and/or statements, the trial court upheld the contempt finding against David. At a subsequent sentencing hearing, the trial court found that David had purged himself of contempt by paying $3,609.64 towards his child support obligation.
 {¶ 10} In October 2002, David filed motions against several individuals to show cause why, although subpoenaed, they were not at the August 26, 2002 hearing before the trial court. A hearing on the motions was held before the magistrate on October 17, 2002. That same day, David filed a praecipe for the transcript of the hearing. On October 21, 2002, the magistrate denied David's motions to show cause. On November 7, 2002, David requested an extension of time to file objections to the magistrate's decision on the ground that the requested transcript was not yet available. The transcript was filed the next day. On November 12, 2002, finding that no objections had been filed within 14 days of the magistrate's October 21, 2002 decision, the trial court adopted the decision. Three days later, the trial court denied David's request for an extension of time.
 {¶ 11} David now appeals from the trial court's judgments of August 26, 2002, and November 12, 2002, and raises three assignments of error.
 {¶ 12} In his first assignment of error, David argues that it was error for the trial court to find him in contempt for willfully failing to pay child support and child support arrearages when he was not properly informed by either the trial court or CSEA as to how, when, or where to make payments. We disagree.
 {¶ 13} We begin by noting that the trial court did not find David in contempt for willful failure to pay. That term is found in R.C.3111.15(C) which states that "[w]illful failure to obey the judgment or order of the court is a civil contempt of the court." R.C. Chapter 3111 governs parentage actions. It follows that R.C. 3111.15(C) only applies in the context of a paternity action. See Doles v. Doles (May 9, 1985), Ross App. No. 1085. The case at bar is not a paternity action.
 {¶ 14} A trial court is given broad discretion to punish disobedience of its orders under R.C. 2705.02. That provision provides in part that a person guilty of "disobedience of, or resistance to, a lawful * * * order, rule, judgment * * * of a court or an officer" may be punished as for a contempt. R.C. 2705.02(A). In a civil contempt proceeding for failure to pay court-ordered child support, the moving party must prove by clear and convincing evidence that the obligor violated the court order. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140. Once the moving party has established the obligor's failure to pay the support as ordered, the obligor then bears the burden of alleging and proving his inability to comply with the court order. Id. "Proof of purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of contempt." Id.
 {¶ 15} David was ordered to pay child support from August 1, 2001 on. Evidence adduced below showed that from August 1, 2001 to March 30, 2002, David systematically underpaid his child support obligation, thereby creating an arrearage which he was ordered to pay at the rate of $108 a month. David admitted that he had not paid any child support or child support arrearages since March 2002. We find that this evidence adequately established David's failure to comply with the court order. The fact that he had for a while partially complied with the support order does not change the fact that he failed to pay child support and child support arrearages as ordered. See Rinehart v. Rinehart (1993),87 Ohio App.3d 325.
 {¶ 16} David nevertheless blames his inability to pay on the CSEA and to some extent on the trial court for not properly informing him as to how, when, or where to make payments. The record shows otherwise. When David was first ordered to pay child support, notifications attached to the magistrate's decision clearly required him to directly pay the Ohio Child Support Payment Central by certified check, cashier's check, or money order. As an alternative, David was allowed to satisfy his child support obligation by making cash payments to the CSEA. David was warned that any payments made directly to Laura would be deemed a gift. Revised notifications attached to the magistrate's July 2, 2002 decision had identical provisions.
 {¶ 17} There is no evidence that David directly paid the Ohio Child Support Payment Central or that he physically went to the CSEA to make cash payments in person. Although he was warned not to, David continued to pay child support directly to Laura in February and March 2002. David could have contacted the trial court or the CSEA to inquire as to where to make the payments. There is no evidence that he did. We therefore find that David failed to prove any inability to pay his child support obligation or child support arrearages. It follows that the trial court properly found David in contempt. David's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, David argues that the trial court erred by barring him from objecting to the trial judge's rulings and/or statements during two hearings in August 2002. The record shows that David objected when the trial court (1) told him to stop putting the name of Laura's attorney in the caption of any pleading he filed, (2) told him that his duty to pay child support remained until it was taken out of his paycheck, (3) denied a motion filed by David, and (4) ruled that the enforcement of an existing order was not subject to mediation. The trial court admonished David that he could not object to its rulings or doings, that he could only object to evidentiary issues, and that the proper avenue was to appeal its rulings.
 {¶ 19} An objection is a "formal statement opposing something that has occurred, or is about to occur, in court and seeking the judge's immediate ruling on the point." Black's Law Dictionary (7th Ed. 1999) 1101. To object is "to interpose a declaration that the particular matter or thing under consideration is * * * considered [by the party objecting] improper or illegal, and referring the question of its propriety or legality to the court." Black's Law Dictionary (5th Ed. 1979) 967. Objections are therefore used to call the court's attention to improper evidence or procedure by opposing counsel. Objections are not used to interrupt a judge or to challenge in open court his rulings and/or statements. In addition, it is well-known that parties, like attorneys, do not interrupt a judge nor do they address a judge in court without first being addressed by the judge, questioned by the judge, or granted permission to address the judge. We therefore find that the trial court did not err by admonishing David he could not object to its rulings and/or statements. David's second assignment of error is accordingly overruled.
 {¶ 20} In his third assignment of error, David argues that the trial court erred by adopting the magistrate's October 21, 2002 decision before David could file objections to the decision. David argues that the trial court should have granted his request for an extension of time to file objections because Civ.R. 53(E)(3)(b) requires him to support his objections with a copy of the transcript, and the transcript was not yet available when he requested an extension of time.
 {¶ 21} Civ.R. 53(E)(3)(a) allows a party to file written objections to a magistrate's decision within 14 days of the filing of the decision. Civ.R. 53(E)(3)(b) states, in relevant part, that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." If a party fails to file a transcript of the hearing before the magistrate, the trial court may adopt the magistrate's decision without further consideration. Purpura v. Purpura (1986), 33 Ohio App.3d 237, 239. In the case at bar, the magistrate's decision was filed on October 21, 2002. David therefore had until November 4, 2002 to file his objections. He did not file any objections but instead requested, on November 7, 2002, an extension of time to file his objections.
 {¶ 22} David's argument assumes that he was required to file a transcript at the same time he was to file his objections. However, "Civ.R. 53(E)(3)(b) does not require that a transcript be filed simultaneously with the objections. Rather, * * * if the objecting party fails to file a transcript at all before the hearing date to consider the objections, the trial court may adopt the magistrate's findings without further consideration." Tawney v. Tawney, Medina App. No. 02CA0018-M, 2002-Ohio-6122, at ¶ 10. David did not need a transcript to timely file his objections to the magistrate's decision. If David had filed objections and then discovered that he would not be able to obtain a transcript before his hearing date before the trial court, he could have moved to continue the hearing. Id. at ¶ 11.
 {¶ 23} David also argues that the trial court erred by denying his request for extension of time when Civ.R. 53(E)(3)(a) conflicts with the trial court's own local rules. David asserts that under the trial court's local rules, he had 21 days to file a transcript, seven days more than under Civ.R. 53.
 {¶ 24} The local rule at issue, Loc.R. 1.25 of the Warren County Court of Common Pleas, Domestic Relations Division, governs objections to a magistrate's decision and states in relevant part that:
 {¶ 25} "(A) Ordering Transcripts. If a party intends to object to a Magistrate's Decision pursuant to Civ.R. 53 * * *, that party shall provide a transcript of all evidence relevant to such findings or conclusion. At the time of filing objections, the party shall also file a praecipe * * * with the Clerk of Courts requesting either a full transcript or designating specific portions thereof. * * * Within 14 days of the filing of the praecipe, the party shall deposit with the Court Reporter half of the estimated cost of the transcript[.] * * *.
 {¶ 26} "(B) Filing. Within 21 days of receiving the deposit, the Court Reporter shall file the transcript with the Clerk of Courts. * * *."
 {¶ 27} Before Loc.R. 1.25(B) can apply, an objecting party is clearly required to file a praecipe for a transcript at the time of filing objections. In the case at bar, while David filed a praecipe for the transcript, he never filed objections to the magistrate's decision. Loc.R. 1.25 therefore does not apply here.
 {¶ 28} We therefore find that the trial court did not err by denying David's request for extension of time, and by adopting the magistrate's October 21, 2002 decision upon finding that David had failed to file objections to the decision. David's third assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.