DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal from a judgment of the Fulton County Court of Common Pleas, appellant, A.J. Borkowski, was found in contempt of court.
 {¶ 2} Although this case has an extensive history, the only facts relevant to this appeal are as follows. This case originated as a quiet title action in which appellant acted pro se. Throughout the proceedings below, appellant filed numerous motions. Alleging that several of these motions were groundless, appellee, Jennifer Borkowski, filed a number of motions asking the trial court to impose Civ.R. 11 sanctions on appellant. Appellee maintained that appellant's motions caused her to incur unnecessary attorney's fees.
 {¶ 3} In a judgment entry dated March 15, 2004, the trial court granted three of appellee's motions for sanctions for appellant's filing of: (1) a motion for summary judgment; (2) a "motion" for a declaratory judgment; and (3) a motion to set aside the trial court's final judgment. Appellant was ordered to pay appellee $600 for the attorney's fees that she incurred as a result of the Crim.R. 11 violations. Appellant appealed the March 15, 2004 judgment to this court. This court dismissed that appeal. See Humbert v. Borkowski (June 2, 2004), 6th Dist. App. No. FU-04-012.
 {¶ 4} On May 19, 2004, appellee filed a motion to show cause why appellant should not be held in contempt of court for failing to pay the $600 assessed for the violations of Civ.R. 11. At the hearing held on this motion, appellant claimed that he was indigent. He did not, however, offer any proof of his claimed indigency. He also maintained that, on the day before the hearing, he sent appellee a money order for $1.
 {¶ 5} At the close of the hearing, the common pleas court found that appellant was in contempt of court for failing to comply with the March 15, 2004 order. The court allowed appellant 40 days in which to purge himself of contempt either by presenting an affidavit of indigency for the court's review or paying appellee the $600. The court further stated that if appellant failed to comply with either of the purge conditions, it would impose a sentence of 30 days in jail.
 {¶ 6} Appellant then had this cause removed to the federal court. After it was remanded back to the Fulton County Common Pleas Court, the trial judge filed his judgment entry on the motion to show cause. Appellant appeals that judgment and asserts:
 {¶ 7} "The trial court committed reversible error on July 9, 2004, in finding defendant-appellant Borkowski guilty and in contempt for not having paid as ordered $600.00 to Jennifer Borkowski's Attorney Silvers $600.00, awarded because defendant Borkowski had been found to have made filings contrary to Rule 11."
 {¶ 8} "Defendant-Appellant A.J. Borkowski should not be prosecuted for contempt while and until his appeal of a Rule 11 award was being processed, and until the said underlying case on appeal is finally determined."
 {¶ 9} Because appellant's appeal of the Civ.R. 11 sanctions imposed by the trial court was dismissed, his second assignment of error is found not well-taken.
 {¶ 10} In his first assignment of error, appellant makes three arguments. He contends that this is a criminal contempt because a jail sentence is involved. He also asserts that this was actually an action and proceeding to collect a debt. Finally, he maintains, in essence, that he raised the defense of inability to pay because he is indigent.
 {¶ 11} Initially, we conclude that this appeal does not arise from a proceeding to collect a debt. Rather, in the case before us, appellant failed to comply with an order of the court. He therefore committed an indirect contempt. Burt v. Dodge (1992), 65 Ohio St.3d 34, 35 n. 1 (An indirect contempt occurs outside the presence of the court "and the alleged contemnor is entitled to a hearing before he may be convicted and punished, R.C. 2705.03."). This contempt is civil, not criminal, in nature because its purpose is to obtain "compliance with a lawful court order for the benefit of the complainant." State ex rel. Henneke v. Davis
(1993), 66 Ohio St.3d 119, 120 (Citations omitted.). Thus, appellant's first two assertions are without merit.
 {¶ 12} On the issue of appellant's claimed defense, the sanction imposed by the trial court provides him with an opportunity to purge himself of contempt by paying the $600 to appellee within 40 days. A person charged with contempt for violation of a court order may defend by proving it was not in his power to obey the order. Pugh v. Pugh (1984),15 Ohio St.3d 136, 140. Nevertheless, the party asserting the defense bears the burden of proving, for example, an inability to pay. Id. Here, appellant simply offered a mere allegation that he was unable to pay the $600; he never presented the common pleas court with any evidence of his indigency. Consequently, appellant failed to sustain the burden of proving his defense, and his third contention is meritless. Accordingly, the trial court did not abuse its discretion in finding appellant in contempt of court, State, ex rel. Ventrone, v. Birkel (1981),65 Ohio St.2d 10, 11, and appellant's first assignment of error is found not well-taken.
 {¶ 13} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.