THE STATE EX REL. DONER ET AL. *v.* ZEHRINGER, DIR., ET AL.

[Cite as *State ex rel. Doner v. Zehringer,* 134 Ohio St.3d 326, 2012-Ohio-5637.]

*Mandamus—Contempt—Clear and convincing evidence of contempt of writ requiring respondents to commence appropriation proceedings immediately—Respondents ordered to complete all appraisals, file all appropriation cases, and institute declaratory-judgment actions.*

(No. 2009-1292—Submitted December 4, 2012—Decided December 5, 2012.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action by relators, owners of land located downstream from the western spillway of Grand Lake St. Marys, for a writ of mandamus to compel respondents, the Ohio Department of Natural Resources and its director, to initiate appropriation proceedings for the physical taking of their property resulting from flooding caused by a spillway constructed by respondents and the state's lake-level-management practices. On December 1, 2011, the court granted a writ of mandamus "to compel respondents to commence appropriation proceedings to determine the amount of their taking of the property." *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, ¶ 86. In a writ issued by the court that same day, respondents were ordered to comply with the court's order "immediately upon receipt of the writ."

{¶ 2} Following failed settlement negotiations, the state filed appropriation cases for the property of relators the Doners and the Ebbings. On September 6, 2012, all of the relators with the exception of the Doners and the Ebbings filed a motion for an order for respondents to show cause why they should not be held in contempt of the court's December 1, 2011 writ of

mandamus. We granted the motion and scheduled a show-cause hearing for December 4, 2012.

{¶ 3} Upon considering the parties' evidence and arguments, we hold that relators have established by the requisite clear and convincing evidence that respondents are in contempt of the court's December 1, 2011 writ. *See Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984). We order respondents to complete all appraisals on relators' parcels for the 2003-flood-level cases within 90 days and to file all appropriation cases for these parcels within 120 days. For the remaining 20 parcels that respondents claim they have not yet surveyed because they involve flooding above the 2003 flood level, respondents are ordered to institute declaratory-judgment actions in the Mercer County Common Pleas Court within 30 days to determine the legal rights of the parties for those parcels. We deny relators' request for attorney fees and for a fine.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, BELFANCE, and MCGEE BROWN, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

EVE V. BELFANCE, J., of the Ninth Appellate District, sitting for CUPP, J.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 4} The burden of proof for the moving party in a civil contempt action is clear and convincing evidence. *See Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980). I would find that relators have failed to meet their burden of proof. Therefore, I dissent.

{¶ 5} While respondents may be proceeding at a pace that is unacceptable to relators, our only mandate to respondents was to proceed "immediately." We did not set forth any guidelines, let alone a deadline, as to when the appropriations must be completed.

**{¶ 6}** Respondents have hired surveyors and property appraisers. The surveyors have begun surveying the properties at issue, and the appraisers have begun appraising the properties as the surveys are completed. Both are necessary for appropriation proceedings. Further, respondents attempted to negotiate a global settlement with relators, albeit without success. This hardly constitutes clear and convincing evidence that respondents are in contempt of the writ merely because they are proceeding at a pace that is slower than relators and the court desire. Therefore, I respectfully dissent.

LANZINGER, J., concurs in the foregoing opinion.

_____

Vorys, Sater, Seymour and Pease, L.L.P., Bruce L. Ingram, Joseph R. Miller, Thomas H. Fusonie, and Martha C. Brewer, for relators.

Michael DeWine, Attorney General, and William J. Cole, Mindy Worley, Jennifer S. M. Croskey, Michael L. Stokes, Dale T. Vitale, Daniel J. Martin, and Tara L. Paciorek, Assistant Attorneys General, for respondents.

_____