[Cite as *Kelley v. Kelley*, 2022-Ohio-4306.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

KRISTIN J. KELLEY

APPELLEE

V.

GREGORY A. KELLEY

APPELLANT

COURT OF APPEALS NO. {87}WD-21-078

TRIAL COURT NO. 2016 DR 0216

**<u>DECISION AND JUDGMENT</u>**

Decided:  December 2, 2022

\* \* \* \* \*

{¶ 1} This is an appeal from judgments of the Wood County Court of Common Pleas, Domestic Relations Division, which denied, after an evidentiary hearing, the reciprocal show-cause motions of defendant-appellant father, Gregory A. Kelley, and of plaintiff-appellee mother, Kristin J. Kelley,[1] to find the other party in contempt of the January 9, 2020 custody order, suspended appellant's parenting time, and denied

---

[1] Appellee did not appeal the denial of her show-cause motion.

appellant's oral motion to continue the show-cause hearing. For the reasons set forth below, this court affirms the judgments of the trial court.

## I. Background

{¶ 2} After nearly 18 months of litigation, the parties were granted a divorce on May 30, 2018, and appellee was designated the children's residential parent and legal custodian. Since then the parties have continuously litigated various matters relating to the custody of their two minor children. This court has twice affirmed the prior custody decisions of the trial court, including the subject January 9 order. *Kelley v. Kelley*, 6th Dist. No. WD-19-073, 2020-Ohio-1535 and *Kelley v. Kelley*, 6th Dist. No. WD-20-010, 2020-Ohio-6778.

{¶ 3} On July 8, 2020, appellant filed a motion to show cause alleging three parenting time violations by appellee in contempt of the trial court's January 9 custody order: (1) when appellee denied appellant three days, from June 30 to July 3, out of three weeks of vacation, with the younger child; (2) when appellee denied appellant parenting time for the younger child on July 5, and (3) the children are not punished when they refuse to have parenting time with appellant. Appellant supplemented his allegations that he has had only irregular parenting time with the older child since that child's September 9 refusal to be with appellant. In addition to seeking a court order of contempt by appellee, appellant sought make-up parenting time and an award of attorney fees and costs.

{¶ 4} On July 28, 2020, and subsequently amended on September 10, appellee: opposed appellant's motion, moved to modify the trial court's January 9 custody order, and filed her own motion to show cause for appellant's contempt on three occasions. On April

2.

2 and July 4, appellant used the court-ordered communication platform, Our Family Wizard, to disparage appellee's parenting. Then, on September 9, appellant upset both children while at appellee's residence such that both children unconditionally and clearly refused further parenting time with him, as verified by a subsequent police report and investigation. In opposing appellant's show-cause motion, appellee argued the reason she picked up the younger child three days early during appellant's vacation time was due to the younger child experiencing an emotional trauma, crying uncontrollably, and demanding to leave appellant and return to appellee. The trial court had authorized the younger child to express parenting time wishes per its August 22, 2019 order. Appellee moved to modify the January 9 custody order to reconsider appellant's parenting time because appellant's documented history of communication problems has resulted in the younger child being angry towards, scared of, and feel unsafe with, appellant. In addition to seeking a court order dismissing appellant's motion and granting appellee's motion, appellee sought an award of attorney fees and costs.

{¶ 5} On October 1, 2020, the magistrate appointed a guardian ad litem ("GAL"), finding those services "appropriate in this matter prior to proceeding herein." On June 17, 2021, the GAL filed a report that recommended eight actions: (1) suspending appellant's parenting time under the January 9, 2020 custody order limiting his contact to during "relationship repair counseling" with the children's counselor; (2) the children's counselor to determine when it is appropriate to introduce appellant in the sessions with the children, "taking the children's wishes into consideration"; (3) appellant should continue with his

3.

own counselor and authorize the sharing of information between therapists "to assist in reunification"; (4) the parties to follow the recommendations of the counselors "and work toward Father's reunification with the children"; (5) the older child's continued treatment with a psychiatrist; (6) due to limiting appellant's contact with the children to "a therapeutic setting," appellant to refrain from attending their extracurricular activities; (7) continued use of Our Family Wizard for factual communications between the parties and refrain from derogatory remarks; and (8) appellant to continue to have access to the children's medical and school records.

{¶ 6} The magistrate held a consolidated hearing on all pending motions on June 29, 2021. At the start of the hearing, appellant made an oral motion to continue the hearing "to allow the treatment and the counseling that's recommended in this matter [by the GAL] to take its course a little bit and see if we can reconvene." The magistrate responded, "Well, I know you won't be surprised that the Court is going to deny a continuance. I understand a lot of these things do require time and patience, and that's probably the best way to work through them. Unfortunately, the Supreme Court timelines don't allow that and things just can't linger in court forever, obviously. A lot of these things are best served outside of the Court. But we are already over time and so the Court will deny the request for a continuance."

{¶ 7} The magistrate then heard testimony from five witnesses and admitted 11 exhibits into evidence. On August 16, the magistrate issued a decision with 47 findings of fact and five conclusions of law. The magistrate decided: (1) to deny appellant's July 8,

4.

2020 show-cause motion, (2) to deny appellee's July 28, as amended, show-cause motion, (3) to deny appellant's October 27 proposed shared parenting plan,[2] (4) to adopt the GAL's eight recommendations, (5) to order the parties equally divide court costs, (6) to order each party pay their own attorney fees, and (7) to discharge the GAL's services.

{¶ 8} Appellant timely objected, with supplement, to the magistrate's decision for four reasons: (1) failure to find appellee in contempt, (2) failure to award attorney fees, (3) suspending his parenting time, and (4) alternatively failing to continue the hearing date until commencement of reunification counseling. Appellee opposed appellant's objections.

{¶ 9} On October 15, 2021, the trial court filed its judgment entry approving and adopting the magistrate's August 16 decision, after independently considering the record, including appellant's objections. The trial court specifically determined the magistrate's August 16 decision "properly reviewed the purpose of civil contempt" when evaluating both parties' separate show-cause motions; the magistrate "properly considered the relevant factors of R.C. 3109.051(D) when evaluating parenting time"; and the magistrate "properly considered the factors of R.C. 3109.04 when considering whether shared parenting was appropriate." The trial court determined, among other matters, to suspend the January 9, 2020 parenting time order; to allow time for the children to engage in relationship repair counseling with Ms. Palicki; for Ms. Palicki to take the children's wishes into consideration; to await Ms. Palicki's determination of when it is appropriate

---

[2] Appellant does not appeal the denial of his proposed shared parenting plan.

5.

introduce appellant to the counseling sessions with the children; and for the parties to equally divide court costs and pay their own attorney fees.

{¶ 10} Appellant timely appealed the trial court's judgment setting forth four assignments of error:

1.      The trial court erred in failing to find the Plaintiff/Appellee in contempt of court.

2.      The trial court erred in not imposing reasonable purge conditions, including an award of attorney fees.

3.      The trial court erred in suspending the Defendant/Appellant's parenting time.

4.      The trial court erred in not continuing the hearing for reunification counseling.

## II. Contempt of Court

{¶ 11} We will address appellant's four assignments of error together as they arise from appellant's motion for contempt.

{¶ 12} Appellant argues for his first and second assignments of error the trial court abused its discretion when it failed to find appellee in contempt of the trial court's January 9, 2020 custody order for the alleged violations and for failing to sanction appellee.

{¶ 13} Appellant argues for his third assignment of error the trial court failed to provide "the appropriate weight" to three of the 16 factors under R.C. 3109.051(D) before suspending his parenting time as part of the contempt proceedings: the prior, positive

6.

interactions and interrelationships of the children with appellant pursuant to R.C. 3109.051(D)(1), appellant's relocation to be geographically closer to the children pursuant to R.C. 3109.051(D)(2), and appellee's failure to facilitate appellant's parenting time rights when the children refuse parenting time with appellant pursuant to R.C. 3109.051(D)(10).

{¶ 14} Appellant argues for his fourth assignment of error, the trial court abused its discretion when it denied an oral motion to continue of the contempt hearing to allow time for the GAL's recommended therapeutic reunification counseling.

### A. Standards of Review

{¶ 15} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus; R.C. 2705.02(A). The burden is on the moving party in a civil-contempt proceeding to provide clear and convincing evidence that the alleged contemnor is in contempt of court. *State ex rel. Doner v. Zehringer*, 134 Ohio St.3d 326, 2012-Ohio-5637, 982 N.E.2d 664, ¶ 3, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984). Appellate review of the trial court's decision in a civil-contempt proceeding is for an abuse of discretion. *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 21. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62

7.

Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Because abuse of discretion review is highly deferential, "we will not lightly substitute our interpretation for that of the issuing court." *Hunter* at ¶ 29.

{¶ 16} The trial court's decision denying appellant's motion for contempt was the outcome of overruling appellant's objections to the magistrate's decision to deny appellant's motion for contempt. Appellate review of the trial court's decision to overrule objections to a magistrate's decision is also for an abuse of discretion. *Brancatto v. Boersma*, 6th Dist. Lucas No. L-12-1271, 2013-Ohio-3052, ¶ 9.

{¶ 17} We acknowledge that while the trial court must consider the relevant 16 factors under R.C. 3109.051(D) for suspending appellant's parenting time, the trial court shall determine in its sound discretion the parenting time that is in the best interests of the children. *Kelley*, 6th Dist. Wood No. WD-20-010, 2020-Ohio-6778, at ¶ 7, citing *Braatz v. Braatz*, 85 Ohio St.3d 40, 706 N.E.2d 1218 (1999), paragraph two of the syllabus. In fact, the trial court must consider any other factor in the children's' best interests. *Id.* at ¶ 8, citing R.C. 3109.051(D)(16). We may look to the entire record to determine if all of the necessary factors were considered. *Id.*

{¶ 18} Finally, we review the grant or denial of a continuance for an abuse of discretion. *In re Edward M.*, 6th Dist. Lucas Nos. L-04-1282, L-04-1304, 2005-Ohio-3354, ¶ 21, citing *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981).

8.

## B. Analysis

{¶ 19} This appeal challenges the trial court's decisions denying appellant's motion for contempt and suspending appellant's parenting time, which were shown by the record to be closely intertwined. The trial court conducted the required contempt hearing on June 29, 2021, at which, "the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge." R.C. 2705.05(A). The record contains the transcript, with admitted exhibits, of the show-cause hearing, as well as the pleadings specifically reviewed by the trial court, including appellant's objections, as supplemented, to the magistrate's decision. Prior to reaching its decisions, the trial court specifically indicated that it "fully considered" the entire record and "pertinent authorities." Pursuant to Civ.R. 53(D)(4)(d), the trial court conducted the necessary independent review and stated in its October 15, 2021 journalized entry, in relevant part, "The Court, upon full consideration of the objections filed, and having independently considered the August 16, 2021, Magistrate's Decision and all pertinent pleadings, memoranda, authorities, and information filed or provided to the Court, and the court hearing transcripts and exhibits, finds that the Magistrate's Decision filed August 16, 2021 is approved."

{¶ 20} As a result of its independent review, the trial court decided it is in the children's best interests to accept the following GAL recommendations to suspend appellant's parenting time, as relevant to this appeal:

a. Father's current parenting time as provided in the January 9, 2020, Order should be suspended and any contact between Father and the minor children should occur in relationship repair counseling with Stacy Palicki.

b. The minor children should continue seeing Stacy Palicki and Stacy Palicki shall make the determination when it is appropriate to introduce Father in sessions with the minor children, taking the children's wishes into consideration.

* * *

d. The parties shall follow all recommendations of the counselors and work toward Father's reunification with the children.

* * *

f. At this time, Father should refrain from attending any extra-curricular activities of the minor children since it is being recommended that contact between Father and the minor children only occur in a therapeutic setting.

{¶ 21} As discussed below, we do not find that appellant met his burden by providing clear and convincing evidence that appellee is in contempt of court, nor do we find the trial court abused its discretion when it reached its determinations. Consequently, we do not find any trial court error for failing to impose contempt sanctions on appellee. R.C. 2705.05(A); *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 30 (purge conditions, if any, only arise from a finding of contempt).

10.

{¶ 22} First, appellee did not precipitate appellant's loss of parenting time. We find the magistrate's August 16, 2021 decision, which the trial court adopted, addresses both the contempt claim and applicable parenting time factors:

> Although the current Order of the Court provided that the Father have specified parenting time with the minor children, * * * [there is a] history * * * involving the relationship between father and the minor children. * * * As stated by the Guardian Ad Litem "there are other factors affecting the minor children's relationship with father and that if these issues were not present, that the parties would both be capable of honoring and facilitating court approved parenting time rights of visitation and companionship rights." * * * Unfortunately, Father's relationship with the children is fragile at this time, perhaps as a result of the children's diagnoses and uncomfortable situations with their father. Father clearly loves his children and wants to repair this relationship, but his actions up to this point have backfired. Father's engagement in counseling along with the children's counseling should assist in repairing the relationship. * * * The children are both teenagers and they are able to articulate their wishes and concerns. While these wishes do not dictate the outcome of the case, they should be taken into consideration while making a decision. * * * The children are engaged in counseling to allow them to stay healthy and to work toward a healthy relationship with their father. * * * Despite Father's insistence that Mother

is denying him parenting time, the testimony indicates that the children's refusal to visit is not as a result of Mother's actions. The last time [the younger child] left Father, it was clearly initiated by him. The last time [the older child] got in the car to spend time with Father, he ultimately left the car and stopped all parenting time after Father repeatedly honked the horn in an effort to get [the younger child] to come outside. Clearly Mother did not precipitate that refusal. In fact, Mother testified that she encouraged [the children] to see their father and that it was at her urging that [the children] started seeing their father again in the spring of 2020 after a lapse of approximately 9 months.

{¶ 23} Second, appellant's focus on appellee's failure to punish the children's disobedience is misplaced. The Wood County standard local parenting plan and companionship schedule recognizes that when a child strongly opposes being with the other parent, the first step is for the parents to calmly talk with the child as to the child's reasons and for the parents to work together to do what is in the child's best interests in consultation with a mental health professional for assistance. Appellee testified at the hearing that after a child's refusal to appellant's parenting time, she discussed the situation with the child and with each child's mental health counselor. Appellee did not punish a child's refusal to have further parenting time with appellant upon the advice of the child's mental health counselor, who met with the child following each upsetting incident with appellant. The record shows the trial court has repeatedly ordered to explicitly have the

12.

children's wishes for appellant's parenting time given consideration, even substantial consideration, in consultation with various professionals' recommendations. The trial court has again articulated that deference to the children and Miss Palicki rather than seek to punish the children for opposing parenting time with appellant.

{¶ 24} Third, appellant's suspended parenting time is tailored to the current situation. The GAL recommended suspending appellant's parenting time in order for the family counseling process to occur in a therapeutic setting with the goal of reunification and restoration of appellant's parenting time. The GAL testified about her interview with Ms. Palicki, whose role is very new. Ms. Palicki was recommended as "one of the top counselors for high-conflict family situations." The reunification process is in the early stage, called the "pre-contemplation stage of change," and the children are still not ready to meet with appellant. Ms. Palicki's first step will be to "bring the [children] in to work with them on * * * coping skills needed to * * * reunify with their dad." The guardian ad litem also testified that Ms. Palicki "wanted dad to continue with his therapy so that once the [children] are ready and * * * once father identifies with some of the behaviors that have traumatized the [children] and gained insight into his thinking errors, she then wanted to schedule a reunification counseling session between the [children] and their father." Ms. Palicki "absolutely believes that * * * this family needs to work towards [reunification."

{¶ 25} The guardian ad litem testified that if appellant's parenting time were not suspended to allow the children to develop the necessary coping skills in response to appellant's upsetting behaviors, then his parenting time "would further sour the

13.

relationship." While R.C. 3109.051(D) does not prevent a trial court's discretion to give special weight to a particular factor, none of the three factors argued by appellant on appeal compels the trial court to outweigh them in appellant's favor. *See Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 43 (acknowledging the special weight required by R.C. 3109.051(D)(15)).

{¶ 26} Fourth, at the time of appellant's oral motion for a continuance at the start of the evidentiary hearing, the trial court had not yet received evidence of the GAL's recommendations. Thus, appellant's motion was made prior to the trial court receiving any evidence supporting appellant's motion for contempt, in response to which the GAL prepared the specific recommendations. Appellant requires us to assume facts not in evidence, and we decline to do so. Even if we did accept that assumption, our review of the entire record does not indicate the trial court abused its discretion when it refused to delay any further the contempt matter that appellant initiated and vigorously litigated.

{¶ 27} We reviewed the record and do not find that appellant met his burden by providing clear and convincing evidence that appellee is in contempt of court, particularly where there is no evidence that appellee caused the lost parenting time. We do not find the trial court abused its discretion when it did not: delay the June 29, 2021 contempt hearing, find appellee in contempt of court, sanction appellee, or accepted the GAL's recommendation to suspend appellant's parenting time until the children's reunification counselor determined reunification was appropriate.

{¶ 28} Appellant's first, second, third and fourth assignments of error are not well-taken.

## IV. Conclusion

{¶ 29} On consideration whereof, the judgments of the Wood County Court of Common Pleas, Domestic Relations Division, are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Thomas J. Osowik, J. | [[Applied Signature]] |
| | JUDGE |
| Christine E. Mayle, J. | [[Applied Signature 2]] |
| | JUDGE |
| Myron C. Duhart, P.J. | [[Applied Signature 3]] |
| CONCUR | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.