OPINION JUDGMENT ENTRY
{¶ 1} Pursuant to an agreed entry filed December 31, 2002, appellant, Kevin Baker, was found in contempt and agreed to pay $19,349.87 to his former wife, appellee, Colleen Coventry, fka Baker, at the rate of $300 per month until paid in full.
 {¶ 2} Appellee filed a motion for contempt due to appellant's failure to make payments. A hearing was held on June 23, 2003. By orders filed July 1, 2003, appellant was found in contempt and was given until the next hearing date, September 22, 2003, to purge the contempt. The hearing was held and by orders filed October 15, 2003, the magistrate found appellant had purged the contempt. In addition, the magistrate recommended that appellant pay $945.00 to appellee for attorney's fees plus court costs. Appellant filed objections. A hearing was held on December 8, 2003. By judgment entry filed December 15, 2003, the trial court approved and adopted the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "An indigent person should not be required to pay court costs and attorney fees."
 II {¶ 5} "The attorney fees requested by attorney mastin and ordered in this case are unreasonable."
 I {¶ 6} Appellant claims the trial court erred in assessing attorney's fees and court costs against him because he is indigent. We disagree.
 {¶ 7} Pursuant to R.C. 3105.18(H), trial courts are permitted to assess attorney's fees and court costs as follows:
 {¶ 8} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 9} Appellant argues there is no evidence that he "has the ability to pay the attorney's fees" and no evidence that appellee would have been "prevented from fully litigating" her rights. Appellant also argues the contempt sub judice was quasi-criminal in nature and therefore, the reasoning of criminal cost assessment and attorney's fees charges are applicable.
 {¶ 10} We disagree with this analysis for the following reasons. Although in her order filed July 1, 2003 the magistrate recommended fifteen days in jail, same was suspended in lieu of purge. Therefore, the matter was in the nature of a civil contempt:
 {¶ 11} "Criminal and civil contempt serve different ends within the judicial system, and are governed by different rules. Civil contempt is designed to benefit the complainant and is remedial in nature. Pugh v. Pugh (1984), 15 Ohio St.3d 136,137-142. Fines or prison sentences which are conditioned upon the performance or nonperformance of an act are often examples of civil contempt. Id. An individual charged with civil contempt must be permitted to appear before the court and purge himself of contempt by demonstrating compliance with the court's order he is charged with violating. Purola, supra. In the case of criminal contempt, there is no requirement the person charged be permitted to purge herself of the contempt. Brown v. Executive 200, Inc., (1980), 64 Ohio St.2d 250. The absence of an opportunity to purge oneself when charged with criminal contempt is appropriate because the purpose of criminal contempt is punitive. Id."Ryder v. Ryder, Stark App. No. 2001CA00190, 2002-Ohio-765, at 7.
 {¶ 12} Appellant is technically correct that there is no evidence in the record of appellant's ability to pay or appellee's need to have attorney's fees assessed. Evidence was not presented at the September 22, 2003 hearing, and a request for an evidentiary hearing was not made. Appellant did not present any evidence on his behalf to demonstrate his inability to pay.[1] Therefore, we find appellant's arguments on this issue were not properly pursued.
 {¶ 13} Assignment of Error I is denied.
 II {¶ 14} Appellant claims the trial court's award of attorney's fees was unreasonable. We disagree.
 {¶ 15} A trial court's ruling on attorney's fees will not be disturbed on appeal absent an abuse of discretion. Rand v. Rand
(1985), 18 Ohio St.3d 356. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 16} The award of attorney's fees requires an examination of the fees and the corresponding hours of service rendered. During the September 22, 2003 hearing, appellant's trial counsel opined the fees requested "is a little excessive." T. at 5. However, appellant agreed to the submission of an itemized bill by appellee's counsel on the issue of reasonableness. T. at 6.
 {¶ 17} The record demonstrates that two hearings were held on the matter of contempt. The September 25, 2003 statement of appellee's counsel documents the preparation and review time for the contempt motions, the objections and the two hearings.
 {¶ 18} Upon review, we cannot find that the trial court abused its discretion in ordering attorney's fees sub judice. As stated in her income statement, appellee has an income of $20,000 and the custody of the two children, thereby demonstrating the necessity of attorney's fees in order to have appellant pay his court ordered support.
 {¶ 19} Assignment of Error II is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Judgment affirmed.
Farmer, J., Gwin, P.J. and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
[1] Appellant's October 28, 2003 affidavit states he has income of $1,840.00 per month. Appellee filed an income statement with her request for attorney's fees on November 3, 2003.