OPINION
{¶ 1} Defendant-appellant Frank Ruehr appeals the June 17, 2003, and November 6, 2003 Judgment Entries entered by the Stark County Court of Common Pleas, which denied his motion to vacate default judgment, and which denied his motion for reconsideration as well as his motion for relief from judgment, respectively. Plaintiff-appellee is Harry Beaber, dba Beaber Seed Supply.
 STATEMENT OF THE CASE[1] {¶ 2} On January 15, 2003, appellee filed a complaint against appellant, alleging appellant owed him (appellee) money on account for agricultural products sold to appellant. The Summons and Complaint were served upon appellant via certified mail, return receipt requested, on January 16, 2003, at 3967 St. Rt. 303, Mantua, Ohio. Appellant's son, Jeffrey Ruehr, a co-defendant, was also served on January 16, 2003, at the same address.[2]
 {¶ 3} After appellant and Jeffrey Ruehr failed to file an answer within the prescribed period, appellee filed a Motion for Default Judgment on February 20, 2003. Via Judgment Entry filed February 21, 2003, the trial court granted judgment in favor of appellee and against appellant and Jeffrey Ruehr in the amount of $54,672.36, plus interest. On May 15, 2003, appellant filed a Motion to Vacate Default Judgment. Appellee filed a motion in opposition and appellant filed a reply thereto. Via Judgment Entry filed June 17, 2003, the trial court denied appellant's motion to vacate judgment.
 {¶ 4} On June 30, 2003, appellant filed a Motion for Reconsideration. Appellee filed a memorandum in opposition, arguing, in part, the trial court's June 17, 2003 Judgment Entry constituted a final, appealable order. On July 18, 2003, the trial court scheduled an evidentiary hearing on the motion for reconsideration for August 29, 2003. On September 8, 2003, appellee filed a Supplemental Brief in Opposition to the motion for reconsideration, again arguing the trial court's June 17, 2003 Judgment Entry was a final, appealable, order; therefore, the trial court did not have jurisdiction to hear the motion for reconsideration. Appellant filed a response thereto as well as a motion for relief from judgment.
 {¶ 5} Via Judgment Entry filed November 6, 2003, the trial court denied appellant's motion for reconsideration and motion for relief from judgment.
 {¶ 6} It is from the June 17, 2003, and the November 6, 2003 Judgment Entries appellant appeals, raising the following assignments of error:
 {¶ 7} "I. The court of common pleas erred in denying Appellant's motion to vacate when it erroneously applied the requirements of civil rule 60(b) to the issue of lack of personal Service.
 {¶ 8} "II. The court of common pleas erred in failing to vacate the default judgment against appellant on the basis of lack of sufficient service of summons and complaint pursuant to civil Rule 4.1.
 {¶ 9} "III. The court of common pleas erred in failing to vacate the default judgment pursuant to civil rule 60(b).
 {¶ 10} "IV. The court of common pleas erred in denying appellant's motion to vacate its judgment of june 17, 2003 Pursuant to Civil Rule 60(B)(1) and (5)."
 {¶ 11} Before we address the merits of appellant's assignments of error, we must make an initial determination of the timeliness of said appeal. The issue is whether the June 17, 2003 Judgment Entry was a final, appealable order. We find it was.[3]
 {¶ 12} R.C. 2505.02 defines a "final order" as an order which: (1) affects a substantial right and effectively determines the action and prevents a judgment; (2) affects a substantial right and is entered in a special proceeding or upon summary application after final judgment; or (3) vacates or sets aside a judgment or grants a new trial. The June 17, 2004 Judgment Entry denying appellant's motion to vacate is a final order under R.C.2505.02 because it substantially affects appellant's rights, determines the action, and prevents a judgment in his favor. Accordingly, appellant was required to file his appeal within the period proscribed in App. R. 4(A). Appellant failed to do so; therefore, this Court is without jurisdiction to consider appellant's appeal.
 {¶ 13} Appellant's appeal is dismissed for lack of jurisdiction.[4]
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, this appeal is ordered dismissed for want of jurisdiction. Costs assessed to appellant.
[1] A statement of the facts is not necessary to our disposition of this appeal.
[2] Jeffrey Ruehr is not a party to this appeal.
[3] A Motion to reconsider an otherwise final appealable order does not extend the time for filing an appeal from that final appealable order.
[4] To the extent appellant made a second or renewed motion for relief from judgment which was denied by the trial court in its November 6, 2003 Judgment Entry, such motion would be barred by res judicata based upon the earlier June 17, 2003 Judgment Entry.