DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which found appellant, Pat Gitler, in contempt of the trial court's orders of November 19, 2001, September 23, 2002, and December 12, 2003.
 {¶ 2} Appellant and her husband, Mel Gitler, own and operate Peaceful Acres Mobile Home Park ("Peaceful Acres"). Peaceful Acres has a public drinking water system that provides water to its residents.
 {¶ 3} In October 2000, appellee, the Attorney General of the state of Ohio filed a complaint alleging that appellant and her spouse were violating Ohio's drinking water laws, as codified in R.C. Chapter 6109, and the rules promulgated thereunder. The trial court granted appellee's motion for summary judgment on some counts of the complaint. After a trial to the bench on the remaining counts, the trial court entered judgment in favor of appellee, finding that appellant and her husband had violated various provisions of R.C. Chapter 6109 and Ohio Adm. Code: 3745.
 {¶ 4} In that judgment, file-stamped November 19, 2001, the trial court ordered appellant and Mel Gitler to, inter alia: (1) Maintain a minimum chlorine residual of at least two-tenths milligram per liter free chlorine or one milligram per liter combined chlorine measured at representative points throughout the water system pursuant to Ohio Adm. Code: 3745-83-02; (2) "Employ a Class I certified operator holding a current certification as a public water system operator for a period of three years commencing December 31, 2001, through December 31, 2004 * * *;" and (3) Pay a civil penalty of $85,800 within 30 days of the trial court's decision. Appellant and her husband filed an untimely appeal of the trial court's judgment. This court, therefore, dismissed the appeal.
 {¶ 5} In July 2002, appellee filed, pursuant to R.C. 2705.02, R.C. 2705.03, and 2705.05, a show cause motion asking the trial court to find the Gitlers in contempt of court for their failure to comply with the trial court's November 19, 2001 judgment. A hearing was held on appellee's motion.
 {¶ 6} In its September 23, 2002 judgment entry, the trial judge found only appellant in contempt of its November 19, 2001 order. He did not find Mel Gitler in contempt of that order. As pertinent to appellant's case, the court held that she failed to comply with, among others, any of the three orders set forth above. As a result, the judge ordered appellant to serve 30 days in the county jail. Execution of this order was stayed so long as appellant complied with the November 19, 2001 judgment. The court below also ordered appellant to pay additional damages, in the amount of $8,775 to the state of Ohio, to maintain a balance of $2,500 in a trust fund for payments made to the certified operator who tested the water at Peaceful Acres, and to make substantial payments on all damages "beginning no later than January 1, 2003."
 {¶ 7} In August 2002, appellant employed Tom Clark, a certified public water system operator, to test the drinking water at Peaceful Acres. Nevertheless, on October 7, 2003, appellant notified Clark, by letter, that she no longer needed his services on a monthly basis. In the letter, appellant asked Clark to, if necessary, act as a "back up water operator."
 {¶ 8} After appellant terminated Clark's employment, the chlorine levels in the drinking water supplied to the residents of Peaceful Acres exceeded the levels that are safe for human consumption and bathing. As a result, appellee filed, on December 12, 2003, a motion for a temporary restraining order in which it asked the court to compel appellant to immediately re-hire Clark, to correct the chlorine level in the water supplied to Peaceful Acres, and to verify that the chlorine level in the mobile home park's drinking water was at a level that satisfied the regulatory standard. On that same date, the trial court granted appellee's motion for a temporary restraining order.
 {¶ 9} In conjunction with the motion for a restraining order, appellee also filed another motion charging appellant with contempt of court for (1) her failure to retain a Class I certified operator through December 31, 2003; (2) her failure to pay a substantial amount on the $85,800 civil penalty previously ordered by the common pleas court (As of the date of the filing of the motion, appellant had paid only $1,000 on the imposed penalty.); and (3) her failure to make any payments on the additional $8,775 in damages awarded by the court in its September 23, 2002 judgment entry.
 {¶ 10} On February 4, 2003, appellee filed a motion asking the trial court for an order directing that appellant be confined in the county jail for a period of 30 days. Appellee asserted that appellant failed to comply with the trial court's September 23, 2002 judgment entry. On February 5, 2003, the trial court held a hearing on all of the issues raised by appellee. Appellant failed to appear at that hearing.
 {¶ 11} In his February 23, 2004 judgment, the judge ordered the Gitlers to, within seven days of his decision, hire and permanently retain a Class I certified operator to test the drinking water at Peaceful Acres. He also required appellants to maintain a safe level of chlorine in the mobile home park's drinking water and to test the chlorine levels on a daily basis. Further, the court ordered appellants to pay additional damages in the amount of $10,000 to the state of Ohio and to pay the remaining $94,875 in civil penalties owed to the state. Finally, the judge again ordered appellant to serve the 30 day jail sentence imposed for the violation of the court's previous orders.[1] In the event that all of the damages owed to appellee were not paid within 30 days of the trial court's judgment entry, the judge sentenced appellant to an additional 30 days in jail.
 {¶ 12} Appellant appeals this judgment and asserts the following assignments of error:
 {¶ 13} "I. The trial court committed reversible error on February 24, 2004, by finding appellant Pat Gitler in contempt, as stated at page 1:
 {¶ 14} "`Based thereon, the Court finds defendant, Pat Gitler to be in contempt of the previous orders of this court filed on November 19, 2001; September 23, 2002 and December 12, 2003.'
 {¶ 15} "The judgment entry of November 19, 2001, was based on the trial, the judgment entry of September 23, 2002, ordered Pat Gitler to 30 days in jail unless she complied with the prior judgment, and hired and contracted for a certified water operator, and similar acts, and also paid $8,775.00 as damages, and made `substantial payments on the unpaid $85,000.00 award; and adjudged plaintiff, if she did not comply, with an additional 30 days in jail; all the foregoing amounts to jailing for not paying money, with no showing she could so pay; and deprived appellant Pat Gitler, of denial of her constitutional rights not to be jailed for non-payment of judgment and debt, and without evidence of ability so to pay; and is based in part on her prior sentencing of 30 days, given her in December 12, 2003, and awards additional damages of $10,000.00 for violation of orders of November 19, 2001, September 23, 2002 and December 12, 2003, and the above constitutes a denial of her constitutional rights, and the court lacked statutory and constitutional grounds for such excessive, unconstitutional sentences.
 {¶ 16} "II. The trial court committed reversible error in finding that the Ohio Director of Ohio Environmental Protection Agency had validly ordered Peaceful Acres to be officially `designated' as a surface water system, and defendants were ordered to do all the tests necessary to be `redesignated' as a ground water system, which order was approved during trial, and is part of record by the trial court's judgment entry, filed November 10, 2001, journalized November 20, 2001, and which order resulted in defendants being ordered to do many, many tests, all of which have been found as `safe,' and appellant states said designation as a `surface water system' was not supported by sufficient evidences of need, and therefore, since lacking the evidence to substantiate said order, the same is unconstitutional, and of no force and effect, but has cost appellant in civil penalties well upwards of $35,000.00.
 {¶ 17} "III. The notices by the O.E.P.A. to defendants by their ambiguity — lack of clear and definite findings of violation deprived defendants by not given them clear and meaningful notice of what exactly defendants were found to have violated, and how O.E.P.A. had the power to ask the Ohio State Attorney General to sue each defendant for each violation; and the O.E.P.A. denied defendants their due process rights because O.E.P.A. did not notify defendants of how the court could impose civil penalties up to and including $25,000.00 if a defendant was found guilty for each violation of the Ohio Statute and or Ohio Administrative Code on the environment."
 {¶ 18} For the following reason we find that we have the authority to consider only the issue propounded in appellant's Assignment of Error No. I.
 {¶ 19} Appellant's Assignments of Error Nos. II and III challenge the merits of and alleged procedural defects in the original R.C. Chapter 6109 proceeding brought by appellee against the Gitlers.
 {¶ 20} R.C. Chapter 6109, the Ohio Safe Drinking Water Act, establishes water standards for systems providing water to the public for human consumption. R.C. 6109.01(A). The investigation and enforcement section of the statute, R.C. 6109.31, provides, in part, that no person shall violate the statute, any rule adopted under it, or any term or condition of a license granted by the director of environmental protection under it. Each day of noncompliance with the statute, rule or license constitutes a separate violation. Id.
 {¶ 21} R.C. 6109.32 authorizes the Director of the Ohio Environmental Protection Agency to investigate suspected violations of R.C. 6901.31. This same section allows the Attorney General of the state of Ohio to, at the director's request, "bring an action for an injunction or other appropriate action against any person violating or threatening to violate R.C.6109.31." Id. An action brought by the attorney general under the auspices of R.C. 6109.32 is a civil action governed by the Ohio Rules of Civil Procedure. R.C. 6109.33. In addition to injunctive relief, a civil penalty of not more than $25,000 for each violation may be imposed on a person who violates or is threatening to violate R.C. 6109.31. Id.
 {¶ 22} As applied to the present case, the trial court's decision on the merits of the action brought by the Ohio Attorney General under R.C. 6109.32 was filed on November 19, 2001. Appellee was granted injunctive relief and a civil penalty was imposed on appellant and her husband. That decision was a final, appealable order under R.C. 2505.02 because it affected a substantial right of appellant and her spouse, effectively determined the R.C. Chapter 6901 proceeding, and prevented a judgment in the Gitlers' favor. It also fulfilled the requisites of Civ.R. 54 because no issues remained to be litigated. Thus, in order to obtain our review of the trial court's November 19, 2001 decision, appellant was required to file, pursuant to App.R. 4(A), a timely notice of appeal from that judgment. She failed to do so. Therefore, we lack the jurisdiction to entertain appellant's Assignments of Error Nos. II and III. State ex rel.Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58,60. See, also, Beaber, dba Beaber Seed Supply v. Ruehr, 5th Dist. No. 2003CA00414, 2004-Ohio-5290, at ¶ 12; Countrywide HomeLoans, Inc. v. Hannaford, 9th Dist. No. 2200, 2004-Ohio-4317, at ¶ 14.
 {¶ 23} In her Assignment of Error No. I, appellant argues that the trial court erred in executing its previous, conditional 30 day sentence that was imposed in its September 23, 2002 judgment. Appellant initially claims that the trial judge could not require her to
 {¶ 24} serve the 30 day sentence because he did not hold a hearing in order to determine whether her failure to comply with the court's orders was "intentional" or willful.
 {¶ 25} R.C. 2705.02, the contempt statute, provides in part:
 {¶ 26} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 27} "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer; * * *."
 {¶ 28} A court may punish disobedience of its order pursuant to both R.C. 2705.02 (A) and its inherent power to enforce its authority. Zakany v. Zakany (1984), 9 Ohio St.3d 192, syllabus. A contempt order will not be reversed unless the trial court abused its discretion. State, ex rel. Ventrone, v. Birkel
(1981), 65 Ohio St.2d 10, 11. An "abuse of discretion connotes that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 29} Contempt orders may be classified as direct or indirect. A direct contempt arises from "misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." R.C. 2705.01. Acts in direct contempt of court may be summarily punished. R.C. 2705.01. On the other hand, an indirect contempt involves acts occurring outside the presence of the court that demonstrate a lack of respect for the court or its lawful orders. R.C. 2705.02. If the contemptuous action occurs outside the presence of the court, the court must afford the accused a hearing, at which he will have an opportunity to be heard, by himself or through his counsel. R.C.2705.03.
 {¶ 30} Additionally, contempts may be classified as criminal or civil. The punishment in a criminal contempt action is usually an unconditional prison sentence. Lillo v. Lillo, 6th Dist. No. H-03-044, 2004-Ohio-4848, at ¶ 30 (citation omitted). Imprisonment for criminal contempt serves as punishment for a completed act of disobedience, vindicating the authority of the court. Id.
 {¶ 31} Civil contempt is designed to benefit the complainant and is remedial in nature. Pugh v. Pugh (1984),15 Ohio St.3d 136, 139. Fines or prison sentences which are conditioned upon the performance or nonperformance of an act are often examples of civil contempt. Id. "`An individual charged with civil contempt must be permitted to appear before the court and purge himself of contempt by demonstrating compliance with the court's order he is charged with violating.'" Baker v. Coventry, 5th Dist. No. 04AP010002, 2004-Ohio-4203, at ¶ 11, quoting Ryder v. Ryder,
5th Dist. No. 2001CA00190, 2002-Ohio-765, at ¶ 7.
 {¶ 32} The case before us involves an indirect, civil contempt. That is, the trial court imposed a conditional punishment of 30 days in jail for appellant's refusal to comply with its orders. On February 5, 2003, the court held a hearing at which appellant declined to appear. She was, nonetheless, represented by counsel at that hearing; counsel failed to offer any evidence showing that appellant was complying with the conditions that appellant was required to satisfy in order to purge herself of contempt. Thus, appellant was allowed an opportunity to demonstrate compliance with the court's orders. Her first argument is, therefore, without merit.
 {¶ 33} Appellant also contends that she cannot be imprisoned for the failure to pay a debt, specifically, the civil penalty authorized by R.C. 6109.33. Appellant misapprehends the rationale underlying the trial court's finding. Appellant was found in contempt because she failed to comply with the orders of the court and was provided with the means to purge herself of that contempt by meeting the conditions set forth by the trial judge. Thus, the court did not order appellant to serve the 30 days in jail because she failed to pay the civil penalty. Rather, the sentence must be served because appellant failed to purge herself of contempt. Consequently, appellant's second argument is without merit.
 {¶ 34} In conclusion, appellant herself acknowledges the sole issue in this appeal when, in her appellate brief, she states: "In applying his orders for contempt, the trial court erred in not considering the good faith of defendant [and] lack of environmental harm. The trial court was only interested inwhether appellant complied with the court's order." (Emphasis added.) Accordingly, we find that the trial court did not abuse its discretion in finding appellant in contempt of court and ordering her to serve 30 days in jail. Appellant's Assignment of Error No. I is found not well-taken.
 {¶ 35} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J. Judge.
[1] Appellant, who now resides out-of-state, never served her sentence.