[Cite as *Solove v. Solove*, 2012-Ohio-1335.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| JEROME G. SOLOVE | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CAF-08-0070 |
| ALICE M. SOLOVE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Civil appeal from the Delaware County
Court of Common Pleas, Division of
Domestic Relations, Case No. 06DRA
02059

JUDGMENT:       Affirmed in part and Vacated in part

DATE OF JUDGMENT ENTRY:       March 26, 2012

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

DAVID J. GORDON                                ANTHONY M. HEALD
40 N. Sandusky Street                           125 N. Sandusky Street
Delaware, OH 43015                            Delaware, OH 43015

*Gwin, P.J.*

{1} Defendant-appellant Alice M. Solove appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Delaware County, Ohio, which adopted the decision of the magistrate finding appellant in contempt of court and ordering her to provide health insurance for her two minor children under her employer's family insurance plan. Plaintiff-appellee Jerome G. Solove is her ex-husband and the father of the children. Appellant assigns four errors to the trial court:

{2} "I. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF COURT, PARTICULARY IN LIGHT OF THE FACT THAT NO MOTION FOR CONTEMPT WAS PENDING.

{3} "II. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN ORDERING HER TO OBTAIN HEALTH INSURANCE FOR THE YOUNGER MINOR CHILDREN OF THE PARTIES.

{4} "III. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN NOT ALLOWING REQUIRED COURT PROCEEDURES IN THE HEARING IT CONDUCTED ON MAY 2, 2011.

{5} "IV. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN REFUSING TO GRANT THE CONTINUANCE SOUGHT."

{6} The record shows the parties terminated their marriage by way of an agreed judgment entry and decree of divorce on June 7, 2007. The parties' shared parenting plan provided in pertinent part:

The Father shall provide health and medical insurance for the children *** should the Mother later be able to obtain health insurance coverage for the children which is available to her for reasonable cost through employment and if such insurance is less costly or has better coverage than the Father's current insurance plan, then Mother shall provide health and medical insurance to the children at that time.

{7} On February 23, 2011, appellee filed a motion to require appellant to cover the children on her health insurance. Appellant responded with a pro se show cause motion alleging appellee had failed to pay spousal support. On April 27, 2011, appellant filed a motion to continue the hearing that had been set for May 2. The magistrate overruled the motion and conducted a hearing on May 2. The magistrate swore both parties in and after some discussion, appellant withdrew her motion for contempt.

{8} The magistrate found appellant in contempt and directed her to obtain and maintain health insurance for the minor children. The trial court overruled appellant's objections, finding the evidence presented to the magistrate supported her decision.

I.

{9} In her first assignment of error, appellant argues the court abused its discretion in finding her in contempt of court, particularly because no motion for contempt was pending. At the hearing, both parties agreed there was no motion for contempt of court filed against appellant, but only a motion to require her to add the children to her health insurance coverage.

{10} Contempt has been defined as a disregard, or disobedience to, an order or command of judicial authority. *State v. Flinn,* 7 Ohio App. 3d 294, 455 N.E. 2d 691

(1982). Contempt can be classified as civil or criminal, depending upon the character and purpose of the punishment imposed. The punishment for civil contempt is remedial or coercive in nature and for the benefit of the complainant. *Pugh v. Pugh,* 15 Ohio St. 3d 136, 472 N.E. 2d 1085 (1984). The purpose of the punishment for criminal contempt, on the other hand, is punitive and not coercive and usually involves unconditional fines or prison terms. Id. The burden of proof in a civil contempt action is clear and convincing evidence, while in a criminal contempt action it is beyond a reasonable doubt. *Brown v. Executive 200, Inc.,* 64 Ohio St. 2d 250, 416 N.E. 2d 610 (1980). Proof of purposeful, willing or intentional violation of a court's priority is not required in civil contempt. *Pugh, supra.* A court may *sua sponte* make a finding of contempt.

{11} Our standard of review is the abuse of discretion standard. *State ex rel. Ventrone v. Brikel,* 65 Ohio St. 2d 10, 417 N.E. 2d 1249 (1981). Abuse of discretion connotes an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. *Rock v. Cabral,* 67 Ohio St. 3d 108, 616 N.E. 2d 218 (1993).

{12} A sanction for civil contempt must allow the contemptnor the opportunity to purge himself or herself of the contempt. *In Re: Purola,* 73 Ohio App. 3d 306, 596 N.E. 2d 1140 (1991). An order suspending punishment on the condition the contemptnor comply in the future with the court order does not allow for purging. Instead, it only regulates future conduct, and is a reaffirmation of the court's previous order. *Tucker v. Tucker,* 10 Ohio App. 3d 251, 461 N.E. 2d 1337 (1983).

{13} Here, the order does not provide for any penalty or sanction for appellant's prior conduct. The order does not allow for her to purge herself of the contempt, but only

directed her to comply in the future with the court order. We find the court erred in finding appellant in contempt.

**{14}** The first assignment of error is sustained.

II.

**{15}** In her second assignment of error, appellant argues the court abused its discretion in ordering her to obtain health insurance for the minor children. The parties' agreement stated that appellee should provide the insurance unless appellant's is "less costly or has better coverage". Appellant argues the evidence did not establish what each party's policy would cover or how much each party would pay to add the children to the policy. Appellant concludes appellee did not meet his burden of proving appellant's policy was better or cheaper, and the court should not have ordered her to provide health insurance for the children.

**{16}** Appellant filed pro se objections to the magistrate's decision, arguing appellee would maintain a family plan for insurance regardless of whether these children were included, so the two minor children cost him nothing extra. By contrast, her employment was soon to be cut to part-time and she would no longer be eligible for insurance except under COBRA. She alleged adding the children to her health care policy would cost more and provide less.

**{17}** The trial court addressed appellant's objections in its judgment entry of June 30, 2011. The court found it was limited in its review to the evidence the magistrate had before her when she made her decision, and appellant had not presented any documentation to show her employment would be cut from full-time to part-time, and she would lose her medical insurance benefits. The court also noted that

at the hearing appellant admitted she was not aware that she had to provide health insurance if the cost was less to her because she did not look at the shared-parenting plan. Appellee testified he had contacted her when she got her job to ask about insuring the children.

**{18}** Appellant incorrectly asserts the magistrate based her decision solely upon representations and statements made rather than on testimony presented. The transcript of the hearing shows both parties were sworn in at the beginning of the hearing, and while the magistrate conducted the hearing rather informally, nevertheless, the testimony constituted evidence.

**{19}** The second assignment of error is overruled.

III.

**{20}** In her third assignment of error, appellant argues the magistrate disregarded all the proper procedures in conducting the hearing. Appellant argues the magistrate announced from the bench the motion to continue would not be granted, but did not rule on it in any "proper fashion" prior to the date of the hearing. Appellant also argues the magistrate did not require appellee, as the moving party, to present evidence, but merely asked questions of her own and did not have the documents marked as exhibits.

**{21}** At the hearing, appellant advised the court the basis of her motion to continue was her expectation she could not afford to retain an attorney until June 1. The court found the motion had been pending since February 23, and appellant had ample opportunity to hire an attorney.

**{22}** We find although the hearing before the magistrate was informal, nevertheless, it was not procedurally flawed. Appellant was afforded notice of the proceeding and was given the opportunity to present her case.

**{23}** The third assignment of error is overruled.

IV.

**{24}** In her fourth assignment of error, appellant argues the court abused its discretion in not granting the continuance. Appellant failed to raise this argument by bringing it to the trial court's attention in her objections. Accordingly, appellant has not preserved this matter for appeal. Civ. R. 53(E)(3)(d).

**{25}** The fourth assignment of error is overruled.

**{26}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Delaware County, Ohio is affirmed in part, and the finding of contempt is vacated.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 0314

[Cite as *Solove v. Solove*, 2012-Ohio-1335.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JEROME G. SOLOVE | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ALICE M. SOLOVE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CAF-08-0070 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Delaware County, Ohio is affirmed in part, and the finding of contempt is vacated. Costs to be split between the parties.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER