[Cite as *Rich v. Rich*, 2013-Ohio-2840.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MICHELE R. RICH, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2012-T-0089 |
| GARY R. RICH, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 01 DR 0318.

Judgment: Reversed and remanded.

*Carl Joseph King*, 101 East Sixth Street, East Liverpool, OH 43920 (For Plaintiff-Appellee).

*Martin F. White*, Martin F. White Co., L.P.A., 156 Park Avenue, N.E., P.O. Box 1150, Warren, OH 44482 (For Defendant-Appellant).

*Timothy R. Brookes,* 631 Broadway, P.O. Box 15, East Liverpool, OH 43920 (Guardian ad litem).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Gary Rich, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, ordering him to serve a 30-day jail term for contempt, but suspending the sentence based on certain conditions. The issue to be determined in this case is whether a court may order a party to serve a 30-day jail sentence for contempt, but suspend that sentence based on

conditions that the party obeys the law and promotes a loving relationship between his children and their mother for a period of five years. For the following reasons, we reverse the decision of the court below and remand for further proceedings consistent with this opinion.

{¶2} On June 28, 2001, Michele Rich filed a Complaint for Divorce from Gary. The parties have three children together. On November 29, 2001, a Judgment Entry Decree of Divorce was filed, in which the divorce was granted and a Shared Parenting Plan was adopted. On May 24, 2002, a Journal Entry vacated the prior Entry, but the divorce remained in effect. On April 7, 2003, a Judgment Entry resolved the custody issue, approving the parties' Shared Parenting Plan.

{¶3} Subsequent litigation occurred as to various issues. On March 29, 2010, a new Shared Parenting Plan was adopted by the court.

{¶4} On June 2, 2011, Michele filed a Motion to Cite for Willful Contempt. In the Motion, she argued that Gary failed to comply with the Shared Parenting Plan by, inter alia, denying her visitation, excluding her from the children's medical appointments, and not allowing her to have telephone communication with the children.

{¶5} The court found Gary in contempt of the existing Shared Parenting Plan in a March 8, 2012 Judgment Entry, but withheld disposition pending further proceedings. Although the Judgment Entry did not state the specific reasons supporting the finding of contempt, a subsequent Judgment Entry on a Motion to Modify the Shared Parenting Plan noted that Gary was found in contempt for "his infringement on the Plaintiff/Mother's parenting time."

{¶6} On October 5, 2012, the trial court issued a Judgment Entry, rendering its sentence on the finding of contempt. The court ordered Gary to serve a 30-day jail term, but suspended the sentence based on two conditions. The court required Gary to obey all laws and court orders and to "utilize his best efforts to promote a solid and loving relationship between his minor children and their mother" for a period of five years. He was also ordered to pay the costs of the action, including attorney fees and guardian ad litem fees.

{¶7} Gary timely appeals and raises the following assignment of error:[1]

{¶8} "The trial court abused its discretion and committed reversible error by improperly conditioning the suspension of Appellant's 30 day jail sentence for contempt on the condition that he 'obey all laws and Court Orders' and 'utilize his best efforts to promote a solid and loving relationship between his minor children and their mother.'"

{¶9} In contempt proceedings, "a reviewing court must uphold the trial court's decision absent a showing that the court abused its discretion." (Citations omitted.) *Cireddu v. Clough*, 11th Dist. No. 2010-L-008, 2010-Ohio-5401, ¶ 41; *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). This court has described an abuse of discretion as a judgment "which does not comport with reason or the record," and one in which the court failed "to exercise sound, reasonable, and legal decision-making." (Citations omitted.) *In re Beynenson*, 11th Dist. No. 2012-G-3066, 2013-Ohio-341, ¶ 12.

{¶10} Gary initially explains that he is not appealing the lower court's finding of contempt, but that he is seeking to void the judgment ordering him to serve 30 days in jail and suspending that sentence. He argues that the court erred by issuing a sanction

1. Michele did not file an appellee's brief.

for civil contempt that regulates his future conduct, and, in turn, does not afford him the opportunity to purge his contempt.

{¶11} "Contempt is generally understood as a disregard for judicial authority. * * * [C]ontempt proceedings may be either criminal or civil in nature. Criminal and civil contempt serve different purposes in the judicial system and are governed by different rules." (Citations omitted.) *In re Guardianship of Hards*, 11th Dist. No. 2007-L-150, 2009-Ohio-1002, ¶ 23.

{¶12} Gary contends that the contempt in his case was civil. In order to determine whether the trial court's order for future conduct to be committed was proper and whether the court was required to allow Gary to purge the contempt, we must first consider whether the contempt finding was criminal or civil. *Id.* ("One charged and found guilty of civil contempt must be allowed to purge him/herself of the contempt by showing compliance with the court's order he/she is charged with violating. * * * However, in the case of criminal contempt, there is no requirement that the individual charged be given the opportunity to purge the contempt.").

{¶13} "Civil contempt is pursued for the benefit of a complainant and is therefore remedial in nature. Alternatively, criminal contempt is usually characterized by unconditional fines or prison sentences." (Citations omitted.) *In re A.K.*, 11th Dist. No. 2011-L-060, 2012-Ohio-221, ¶ 28; *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980) ("[p]unishment is remedial or coercive and for the benefit of the complainant in civil contempt"). The distinction between civil and criminal contempt is usually based on the "purpose to be served by the sanction." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001).

4

{¶14} We note that Gary did not file the transcript of the contempt hearing. In order to determine the purpose of the contempt sanction, an appellate court must consider the entire record. *State v. Kilbane*, 61 Ohio St.2d 201, 206, 400 N.E.2d 386 (1980). Since there is no transcript, we can only consider the evidence in the record before this court, including the motion for contempt and the findings made by the court in its Judgment Entry. Based on this record, we find that Gary was found to be in civil contempt. The 30-day jail term imposed was conditional, as opposed to unconditional jail terms ordered in criminal contempt, since imprisonment would not occur if Gary complied with the conditions set forth by the court. *In re Guardianship of Hards*, 175 Ohio App.3d 168, 2008-Ohio-630, 885 N.E.2d 980 (11th Dist.) ("[o]ften, civil contempt is characterized by conditional sanctions") (citation omitted). Gary will not serve the sentence unless he fails to follow certain conditions, which include obeying court orders and fostering a relationship between his children and their mother for the next five years. The fact that the sentence was suspended based on these conditions lends support to a finding of civil contempt. *See Zemla v. Zemla*, 9th Dist. No. 11CA0010, 2012-Ohio-2829, ¶ 10, fn. 1 (where the contemnor's full sentence was suspended, "the court's contempt order appears to have been intended primarily to coerce [her] into compliance, a traditional civil contempt sanction").

{¶15} In addition, the contempt order was based on claims, initially made by Michele, that Gary was not allowing her to exercise certain parenting rights under the Shared Parenting Plan, agreed to by both parties in 2010, including denying her visitation with the children. This court has held that "civil contempts are those violations which are on the surface offenses against the party for whose benefit the order was

5

made." *In re Cox*, 11th Dist. Nos. 98-G-2183 and 98-G-2184, 1999 Ohio App. LEXIS 6266, *10 (Dec. 23, 1999). The jail sentence was conditioned upon Gary facilitating a relationship between Michele and the children, which implies that the contempt finding was based on Gary's failure to allow Michele to exercise her parenting rights and was made for her benefit.

{¶16} Since the finding of contempt should be characterized as civil, the trial court was required to give Gary a chance to purge the contempt. *Kilbane* at 206-207; *Stychno v. Stychno*, 11th Dist. No. 2008-T-0117, 2009-Ohio-6858, ¶ 26 ("[b]efore the imposition of a sentence for civil contempt, the trial court must afford the contemnor an opportunity to purge himself of the contempt").

{¶17} Various Ohio appellate districts have held that an order regulating future conduct is improper and does not constitute a valid chance for a party to purge contempt. *See Tucker v. Tucker*, 10 Ohio App.3d 251, 252, 461 N.E.2d 1337 (10th Dist.1983) (an order that "purports to regulate future conduct" does not provide a "true opportunity for purging" and is invalid); *Solove v. Solove*, 5th Dist. No. 2011-CAF-08-0070, 2012-Ohio-1335, ¶ 12 (a court's direction to comply with orders of the court in the future was improper in a contempt case); *In re M.H.*, 8th Dist. No. 97618, 2012-Ohio-3371, ¶ 13, fn. 4.

{¶18} Where the court either does not make it clear that it is giving a party the opportunity to purge contempt or regulates a party's future conduct, the court has failed to comply with the purge requirement for civil contempt and the contemnor must be given a proper chance to purge. *Frey v. Frey*, 197 Ohio App.3d 273, 2011-Ohio-6012, 967 N.E.2d 24, ¶ 17 (3rd Dist.) (when the trial court "did not use the word 'purge,' or

6

otherwise characterize its decision in terms of an opportunity to purge" and ordered future conduct to be regulated, the court erred in imposing the contempt sanctions, since there was no clear opportunity to purge, and the matter was remanded for the issuance of a proper purge order). Here, the court did not state that Gary had the opportunity to purge and it did not set a purge hearing to determine whether Gary was in compliance. It also attempted to regulate his future conduct by requiring him to follow future court orders and facilitate a relationship between Michelle and the children for the next five years.

{¶19} No specific order relating to the conduct that constituted the basis for the contempt finding was given. There was no order requiring Gary to allow visitation on certain dates, to make up missed visitation time, or ordering specific behavior based on the violation that occurred. As discussed above, an order to comply with the law and the shared parenting plan in the future does not satisfy the purge requirement. *Solove* at ¶ 12 ("An order suspending punishment on the condition the [contemnor] comply in the future with the court order does not allow for purging. Instead, it only regulates future conduct.").

{¶20} Based on this failure, the matter must be reversed and remanded for the trial court to issue a valid purge order. This order must contain conditions that allow appellant to remediate his specific contemptuous conduct. However, the 30-day jail sentence itself was proper and should be maintained upon remand, with the court allowing Gary to purge the sentence as described above.

{¶21} We recognize that this court has generally held that an order is not final if it allows a party an opportunity to purge his contempt. *Lundy v. Lundy*, 11th Dist. No.

2011-T-0110, 2012-Ohio-2007, ¶ 5 (where a party was given the opportunity to purge the contempt but there has been no finding by the trial court that the contemnor has failed to purge himself, the order appealed from was not final); *Miller v. Miller*, 11th Dist. No. 2008-T-0076, 2009-Ohio-2092, ¶ 32. In the present matter, we do not find this analysis to be applicable. Gary was not given an appropriate opportunity to purge in this matter. Since there was no clear ability to purge, the foregoing cases are distinguishable. *See Burke v. Burke*, 7th Dist. No. 11 MA 166, 2012-Ohio-6279, ¶ 32 ("[b]ecause the trial court's order did not contain a valid purge condition," the order was final, since it "fails to present the jurisdictional quandary at issue" in cases dismissing for lack of a final order); *Frey*, 197 Ohio App.3d 273, 2011-Ohio-6012, 967 N.E.2d 24, at ¶ 17 (finding that a final order existed in a case where the trial court failed to include a proper opportunity to purge). It is also noteworthy that the trial court in this case did not leave the matter open for a purge hearing or to take future action, which frequently occurs in cases involving the lack of a final order.

{¶22} The sole assignment of error is with merit.

{¶23} Based on the foregoing, the Judgment Entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, sentencing Gary to 30 days in jail for contempt and suspending that sentence, is reversed and the matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8