[Cite as *State v. Scott*, 2025-Ohio-5453.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

EDWARD T. SCOTT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0023

---

Criminal Appeal from the
Belmont County Court, Eastern Division,
Belmont County, Ohio
Case No. 24TRD2862

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded in part, Affirmed in part.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Andrew S. Lock*, Green Haines Sgambati Co., L.P.A., for Defendant-Appellant.

Dated:  December 2, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Edward T. Scott, appeals from a Belmont County Court, Eastern Division, judgment sentencing him to seven days in jail for civil contempt. Appellant argues the trial court erred by not finding that he had purged his contempt or by giving him an opportunity to purge. Plaintiff-Appellee, the State of Ohio, concedes error. The trial court abused its discretion in finding Appellant in contempt after he purged his contempt and/or in failing to provide Appellant with the opportunity to purge. Therefore, the contempt finding is reversed and remanded for the trial court to vacate the sentence and purge Appellant of the civil contempt.

{¶2} On November 26, 2024, Appellant was charged with driving under suspension, a first-degree misdemeanor in violation of R.C. 4510.11(A).

{¶3} At a December 3, 2024 hearing, Appellant entered a not guilty plea. The court released Appellant on a recognizance bond and ordered that, among other conditions, Appellant complete a financial affidavit.

{¶4} The trial court held a pretrial conference on March 6, 2025. The court stated that the recognizance bond would continue with the previously discussed conditions. The court continued the pretrial conference to April 10, 2025.

{¶5} The next day, March 7, the trial court put on a journal entry stating that Appellant had not completed a financial affidavit before leaving court the previous day. The court set the matter for a show cause hearing for Appellant to appear and advise why he should not be held in contempt. In a subsequent journal entry, the court explained that it was charging Appellant with indirect civil contempt for failing to abide by the court's orders, on multiple occasions, to complete a financial affidavit.

{¶6} On March 20, 2025, Appellant entered a denial to the contempt charge.

{¶7} The court held a contempt hearing on March 27, 2025. At the hearing, Appellant's counsel informed the court:

> MR. ANTALOK: With regard to the contempt for failing to complete a financial affidavit, as you're aware he completed a financial affidavit the last time we were in court which is a part of the court's file, and he has completed another financial affidavit today. . .

If the court's willing to dismiss that contempt based on compliance.

THE COURT: He filled out another one?

MR. ANTALOK: I had him fill out one today.

THE COURT: Okay.

THE CLERK: (Inaudible).

MR. ANTALOK: I have it with me.

THE COURT: Let me see it.

Put this in the file.

So he's done it after four orders.

Anything else you wish to do with regards to addressing contempt?

MR. ANTALOK: If this is considered the contempt hearing, yes, I would like to make some statements on behalf of my client.

THE COURT: Go ahead.

MR. ANTALOK: First, a court speaks through their docket, Your Honor, and on his - - the docket never required a time frame at which time the defendant's affidavit - -

THE COURT: Excuse me, let me interrupt you for just a second cause every single person that comes in here for arraignment I tell them to not leave the building until they fill the form out.

MR. ANTALOK: Okay.

THE COURT: That is a routine.

MR. ANTALOK: And Mr. Scott did fill out the form to the best of his ability the last time we were in court and has since filled [it] out again.

A civil contempt must allow an individual an opportunity to purge their contempt, which at this time I believe he has done so.

So, any sentence attributed to Mr. Scott I believe is purged.

THE COURT: Well, I don't believe it has been and I don't believe you have shown cause why he should not be held in contempt.

(March 27, 2025 Tr. 3-4).

**{¶8}** The court then found Appellant in contempt and set the matter for sentencing.

**{¶9}** Appellant failed to appear at the sentencing hearing and the court issued a bench warrant. He appeared in court a few days later. The court remanded Appellant to jail to await his next hearing.

**{¶10}** The matter came before the court on May 1, 2025. Appellant withdrew his not guilty plea and entered a guilty plea to the driving under suspension charge. The trial court found Appellant guilty and sentenced him to 13 days in jail, with ten days suspended, and two years of probation on the driving under suspension conviction.

**{¶11}** Next, the court sentenced Appellant on the contempt. It imposed a seven-day sentence for contempt. It did not provide him with an opportunity to purge.

**{¶12}** Appellant filed a timely notice of appeal on May 19, 2025. He also filed a motion for a stay of execution of his sentence pending this appeal, which the trial court granted. On appeal, Appellant only takes issue with the contempt finding and sentence. He does not take issue with his conviction for driving under suspension or the sentence on that conviction.

**{¶13}** Appellant now raises a single assignment of error for our review. It states:

THE LOWER COURT ERRED BY NOT ALLOWING MR. SCOTT TO PURGE HIS CONTEMPT, OR, ALTERNATIVELY, BY NOT SPECIFICALLY ARTICULATING HOW MR. SCOTT COULD PURGE HIS CONTEMPT.

**{¶14}** Appellant first argues the trial court erred by not allowing him to purge his contempt. He bases his argument on the belief that this was a civil contempt finding

requiring purge conditions. Alternatively, Appellant claims the court erred in failing to specifically set out the conditions for him to purge his contempt. He asserts there is nothing in the record to show that the court provided clear instructions for him to complete the financial affidavit to purge the contempt.

**{¶15}** The State concedes error. The State asserts that either Appellant has already purged his contempt by filing the financial affidavit on March 20, 2025, or Appellant was entitled to an explanation at the March 27, 2025 hearing (where the court found him in contempt) as to what further steps he would need to take to purge the contempt.

**{¶16}** We review a trial court's contempt finding for abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75 (1991). An abuse of discretion is more than an error of judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶17}** Contempt has been classified as either direct or indirect, criminal or civil. *In re Carroll*, 28 Ohio App.3d 6, 8 (8th Dist. 1985). Indirect contempt of court "is one committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." *In re Lands*, 146 Ohio St. 589, 595 (1946).

**{¶18}** This case involved a matter of indirect contempt because Appellant's alleged failure to file a financial affidavit occurred outside the presence of the court.

**{¶19}** In order to determine whether the contempt was civil or criminal, we must ascertain what the trial court aimed to accomplish by sanctioning Appellant. *In re E.A.*, 2022-Ohio-2625, ¶ 17 (3d Dist.). In doing so, we are to consider the entire record. *Id.*, quoting *Rich v. Rich*, 2013-Ohio-2840, ¶ 14 (11th Dist.).

**{¶20}** This Court explained the difference between civil and criminal contempt stating:

> "Criminal and civil contempt serve different ends within the judicial system, and are governed by different rules." *Ryder v. Ryder*, 5th Dist. No.2001 CA00190, 2002-Ohio-0765, at ¶ 45. Civil contempts are violations against the party for whose benefit the order was made, whereas criminal contempts are offenses against the dignity or process of the court. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 2001-Ohio-0015. Often, civil

contempt is characterized by conditional sanctions, i.e., the contemnor is imprisoned until he obeys the court order. *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 16. In contrast, the sanctions for criminal contempt are punitive in nature, designed to vindicate the authority of the court. *Id*.

*Scarnecchia v. Rebhan*, 2006-Ohio-7053, ¶ 34 (7th Dist.).

**{¶21}** In this case, the trial court imposed a sanction of seven days in jail for the contempt. It did not afford Appellant the opportunity to purge. These facts make the court's sanction appear punitive in nature, which could suggest this was a criminal contempt.

**{¶22}** But both parties and the trial court characterize the contempt as a civil contempt rather than a criminal contempt. The trial court's March 20, 2025 journal entry specifically informed Appellant: "This is to notify you that you are charged by this Court with *Indirect Civil Contempt* . . . for failing to abide by the Court's order(s) . . . Defendant failed to fill out the financial affidavit on multiple occasions." (Emphasis added). The entry then set out the potential sanctions and stated "[*t*]*he purpose of these sanctions are to compel obedience to the Court's order*." (Emphasis added).

**{¶23}** Because the trial court clearly stated that the purpose of the potential sanctions was to compel obedience with its order, the contempt can be classified as civil.

**{¶24}** "Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt." *Frey v. Frey*, 2011-Ohio-6012, ¶ 31 (3d Dist.), citing *Carroll v. Detty*, 113 Ohio App.3d 708, 712 (4th Dist. 1996).

**{¶25}** The State concedes that Appellant purged his contempt by filing his financial affidavit on March 20, 2025. In the event this filing did not purge his contempt, the State concedes Appellant was entitled to an explanation on March 27, 2025, when the court found him in contempt, of what further steps he needed to take in order to purge.

**{¶26}** Based on the record, the trial court abused its discretion in finding Appellant in contempt. The sole basis of the contempt charge was that Appellant failed to fill out a financial affidavit. Appellant filed a financial affidavit on March 20, 2025. (March 27, 2025 Tr. 2). And erring on the side of caution, in case the court required another affidavit, Appellant's counsel submitted another affidavit on Appellant's behalf on March 27, 2025,

in open court. (March 27, 2025 Tr. 2-3). The court acknowledged this affidavit and put it in Appellant's file. (March 27, 2025 Tr. 3). Nonetheless, for unexplained reasons, the court still found Appellant in contempt. And not only did the court find him in contempt despite the fact that Appellant filed the required affidavit, the court did not provide him an opportunity to purge as is required for a civil contempt. Thus, the trial court acted unreasonably here.

**{¶27}** Accordingly, Appellant's sole assignment of error has merit and is sustained.

**{¶28}** For the reasons stated above, the trial court's finding of contempt is hereby reversed and remanded for the trial court to vacate the sentence and purge Appellant of the civil contempt. All other portions of the trial court's judgment dealing with the driving under suspension conviction and its resulting sentence are affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 25 BE 0023

---

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Belmont County Court, Eastern Division, Belmont County, Ohio, is reversed and remanded for the trial court to vacate the sentence and purge Appellant of the civil contempt. All other portions of the trial court's judgment dealing with the driving under suspension conviction and its resulting sentence are affirmed. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**