[Cite as *State v. McElfresh*, 2026-Ohio-1532.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DANIEL T. McELFRESH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 NO 0532**

---

Criminal Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. CR222-2080

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jordan C. Croucher,* Noble County Prosecutor, for Plaintiff-Appellee and

Daniel T. McElfresh, Defendant-Appellant.

Dated: April 27, 2026

**DICKEY, J.**

{¶1}    Pro se Appellant, Daniel T. McElfresh, appeals from the October 28, 2025 judgment of the Noble County Court of Common Pleas denying his "Motion Releasing of Personal Property (Money)" and "Motion for Contempt of Court and for Release of Property" following hearings.  On appeal, Appellant argues the trial court abused its discretion in denying his motions.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    Appellant previously resided at the Noble County Jail and currently resides at the Chillicothe Correctional Institution.  On August 8, 2022, Appellant was indicted by the Noble County Grand Jury on one count of aggravated possession of drugs (methamphetamine), a felony of the fifth degree in violation of R.C. 2925.11(A) and (C)(1)(a).

{¶3}    Appellant was appointed counsel and arraigned on January 20, 2023. Appellant and Appellee, the State of Ohio, notified the trial court that a negotiated plea agreement had been reached.  Appellant entered a guilty plea to the charge as contained in the indictment.  The court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.

{¶4}    On January 30, 2023, Appellant was sentenced to 11 months in prison, concurrent to an unrelated term of imprisonment, and ordered to pay court costs. Appellant was given two days of jail-time credit.  The court notified Appellant that he may be subjected to post-release control for up to two years.

{¶5}    Thereafter, the State was contacted by defense counsel regarding the submission of a joint entry for the release of Appellant's personal property (money) ($475) which was signed and submitted.  *See* (4/4/2023 Entry Releasing Defendant's Personal Property (Money)).  Unbeknownst to the State at that time, an investigation into the matter revealed that the money was actually returned to Appellant well in advance of that entry. A copy of the detective's report was submitted into evidence.  *See* (State's Exhibit A).

{¶6}    Nevertheless, on February 16, 2024, Appellant filed a pro se "Motion Releasing of Personal Property (Money)" claiming that his personal property (money) ($475) that was originally seized had not been returned to him at the Chillicothe

Correctional Institution. On January 3, 2025, Appellant filed a pro se "Motion for Contempt of Court and for Release of Property" claiming that the Noble County Sheriff's Office had not returned the money and should be held in contempt. On January 24, 2025, the State filed a response detailing the following: Appellant's personal property (money) ($475) was in fact returned to him when it was placed in his commissary account at the Noble County Jail while he remained incarcerated; it was subsequently applied to outstanding jail fees when said funds were not expended by Appellant during his time in the Noble County Jail; and Appellant actually still owes the Noble County Jail $1,284.07. *See* (State's Exhibits A-E). On February 18, 2025, Appellant filed a pro se reply.

**{¶7}** Appellant was re-appointed counsel. On September 2, 2025, a hearing was held on Appellant's "Motion Releasing of Personal Property (Money)." On October 28, 2025, a hearing was held on Appellant's "Motion for Contempt of Court and for Release of Property." Appellant was present for both hearings via TEAMS. Appellant acknowledged and admitted that the money at issue ($475) was in fact returned to him. Following the hearings, on October 28, 2025, the trial court denied Appellant's motions.

**{¶8}** Appellant filed this pro se appeal. On December 22, 2025, Appellant filed a brief raising one assignment of error. On February 2, 2026, the State filed a brief. On March 9, 2026, Appellant filed an "Affidavit of McElfresh's Response to State of Ohio," which this court received and considered.

## ASSIGNMENT OF ERROR

**JUDGE RIDDLE ABUSED HER DISCRETION, VIOLATING DUE PROCESS, CIV.R. 64, AND R.C. 5120.56, IN DENYING MCELFRESH'S "MOTION FOR CONTEMPT OF COURT AND RELEASE OF PROPERTY . . . ," RESULTING IN PREJUDICE TO MCELFRESH.**

**{¶9}** In his sole assignment of error, Appellant argues the trial court abused its discretion in denying his "Motion Releasing of Personal Property (Money)" and "Motion for Contempt of Court and for Release of Property."

**{¶10}** "We review a trial court's contempt finding for abuse of discretion." *State v. Scott*, 2025-Ohio-5453, ¶ 16 (7th Dist.), citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio

St.3d 69, 75 (1991). An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

> Contempt proceedings can be either civil or criminal, although the proceedings themselves are *sui generis*. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980). In civil contempt, the purpose of punishment is to coerce the contemnor to obey a judicial order for the benefit of a third party. *Carroll v. Detty*, 113 Ohio App.3d 708, 711, 681 N.E.2d 1383 (1996). In a civil contempt action the contemnor is said to "carry the keys of his prison in his own pocket . . . since he will be freed if he agrees to do as ordered." *Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984), quoting *Brown* at 253, 416 N.E.2d 610. The burden of proof for the moving party in a civil contempt action is clear and convincing evidence. *Carroll* at 711, 681 N.E.2d 1383. Once the moving party establishes a *prima facie* case of contempt, the burden shifts to the nonmoving party to establish a defense. *Morford v. Morford*, 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (1993). The nonmoving party must prove any defense by a preponderance of the evidence. *Jeffers v. Jeffers*, 7th Dist. No. 07 BE 36, 2008-Ohio-3339, at ¶ 15, 2008 WL 2609465.

*Ferguson v. Boron*, 2018-Ohio-69, ¶ 14 (7th Dist.).

**{¶11}** The record in this case does not support Appellant's claim that his money ($475) was never returned to him. As stated, in its January 24, 2025 response to Appellant's motions, the State detailed the following: Appellant's personal property (money) ($475) was in fact returned to him when it was placed in his commissary account at the Noble County Jail while he remained incarcerated; it was subsequently applied to outstanding jail fees when said funds were not expended by Appellant during his time in the Noble County Jail; and Appellant actually still owes the Noble County Jail $1,284.07. *See* (State's Exhibits A-E).

**{¶12}** Specifically, Exhibit A, "Investigative Report" from Detective Captain Kelly McGilton, explains the following:

Case No. 25 NO 0532

On January 15, 2025, Prosecuting Attorney Jordan Croucher questioned a 2021 case involving $475 seized from Daniel McElfresh during an investigation. The money was placed into evidence, Daniel McElfresh was arrested, and Detective McKee later reviewed the case. On March 8, 2021, Detective McKee documented in a report that the $475 was not linked to drug trafficking so it was placed in Daniel's account at the Noble County Jail. There was an evidence tracking sheet to show custody.

. . .

On January 16, 2025, I went to the Noble County Jail and located Daniel McElfresh's file. I observed that he was in jail in 2019. When McElfresh was released in 2019, there was a balance on his account that he owed for $1,734.35. That balance was from commissary, medical, pay to stay, and other fees associated with his stay(s) at the jail.

The $475 was placed in Daniel McElfresh's jail account on March 8, 2021. When McElfresh was released from jail on March 9, 2021, anything left from the $475 was directed toward his debt. Daniel McElfresh still owes the Noble County Jail $1,284.07.

(State's Exhibit A).

{¶13} Exhibit B, "Narrative Report" from Detective Brent McKee, indicates: "Upon reviewing the report I discovered that $475.00 was seized from McElfresh. This is a possession of methamphetamine, not a trafficking case. The money will be placed in his account at the Noble County Corrections." (State's Exhibit B).

{¶14} Exhibit C, "Chain of Custody of Evidence," shows the chain of custody regarding the movement of the funds. *See* (State's Exhibit C).

{¶15} Exhibit D, "Intake Receipt" and "Add Money Receipt," reveals Appellant's signatures indicating he was in receipt of the disputed $475 on March 8, 2021. *See* (State's Exhibit D).

**{¶16}** Exhibit E, "Receivable Charge Receipt," is a resident copy from the Noble County Jail, dated July 31, 2019, showing Appellant's debt balance in the amount of $1,734.35. *See* (State's Exhibit E).

**{¶17}** Thus, the foregoing exhibits clearly show that the money at issue ($475) was in fact returned to Appellant. In addition, Appellant's own testimony further reveals that the money was returned. Again, hearings were held on Appellant's "Motion Releasing of Personal Property (Money)" and on his "Motion for Contempt of Court and for Release of Property" in which he was present via TEAMS. Appellant acknowledged and admitted that the money was returned to him. Specifically, the following exchange took place on cross-examination between the prosecutor and Appellant:

> Q: Okay. So you would agree that that [sic] money that's been essentially subject to this that we've been discussing, that's the same money that would've been added to your account and that would be the receipt that you signed for. Right?
>
> . . .
>
> Q: You would agree with me that was in fact added to your account based on that receipt.
>
> A: I guess it was.

(10/28/2025 Hearing Tr., p. 14-15).

**{¶18}** As such, the trial court properly concluded:

> [T]he evidence clearly shows that the money was returned to the defendant's account at the Sheriff's office, his commissary account, on March 8, 2021. That money had already been given back to the defendant almost two years before this order. So I can't hold the Noble County Sheriff's Office in contempt of court[.]

(*Id.* at p. 45).

**{¶19}** Appellant appears to raise additional arguments in his pro se brief regarding the application of his money to outstanding fees owed by him as a result of his time in the Noble County Jail as well as procedural arguments with respect to the hearing process in which his motions were addressed.

**{¶20}** Appellant was entitled to a hearing pursuant to R.C. 2929.37, "Adoption of policy requiring repayment for costs of confinement." Appellant was provided an opportunity to be heard on such issues at the October 28, 2025 hearing. At that hearing, Appellant was provided with a cost breakdown of his jail fees; those costs were assessed in accordance with the financial obligation form; Appellant was aware of the fact (and signed a jail form) that costs did not go away simply because he left the jail with a negative balance; Appellant stated on the record that he did not dispute the total balance; Appellant signed the agreement acknowledging his understanding; and Appellant had no reason to believe that the charges were inaccurate.

**{¶21}** The record reveals Appellant's money ($475) was returned to him for use in his commissary account and the remaining funds were properly applied to his outstanding obligations, the amounts of which he did not dispute. Accordingly, the trial court did not abuse its discretion in denying Appellant's "Motion Releasing of Personal Property (Money)" and "Motion for Contempt of Court and for Release of Property."

## CONCLUSION

**{¶22}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The October 28, 2025 judgment of the Noble County Court of Common Pleas denying his "Motion Releasing of Personal Property (Money)" and "Motion for Contempt of Court and for Release of Property" following hearings is affirmed.


Robb, J., concurs.

Hanni, J., concurs.


Case No. 25 NO 0532

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**